UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KATHERINE MITCHELL CRUZ ORTIZ,  )
JOISELYN C ROBLETO, and all others  )
similarly situated under 29 U.S.C. 216(b),  )
                                      Plaintiffs,  )
    vs.  )
                                              )
N.H. INC. a/k/a MERIDIAN FOOD  )
MARKET/MONEY GRAM,  )
MOHAMMED HOSSAIN,  )
                                      Defendants.  )
_____  )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiffs, KATHERINE MITCHELL CRUZ ORTIZ and JOISELYN C ROBLETO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM and MOHAMMED HOSSAIN, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant MOHAMMED HOSSAIN is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs'

wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff KATHERINE MITCHELL CRUZ ORTIZ worked for Defendants as a cashier, check casher, and money gram transferer from on or about February 20, 2012 through on or about January 9, 2017.

10. Plaintiff JOISELYN C ROBLETO worked for Defendants as a cashier, check casher, and

money gram transferer from on or about June 1, 2012 through on or about January 9, 2017.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2)(2005); 29 C.F.R. § 776.24 (2005). Plaintiffs used phone, internet, and wire communications to perform work for Defendants on a regular basis during their employment and Plaintiffs were involved in processing the intrastate and interstate transactions of Defendants' customers in locations inside and outside the State of Florida (i.e. money transfers, money grams, etc.).

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise

covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, and 2016.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

16. Upon information and belief, Defendants own approximately one (1) other company and are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between Defendants and approximately one (1) other company are performed through unified operation and/or common control, are being done for a common business purpose and there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers for a common business purpose.

17. Individual Defendant MOHAMMED HOSSAIN was Plaintiffs' individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

18. Between the period of on or about February 20, 2012 through on or about August 4, 2016, Plaintiff KATHERINE MITCHELL CRUZ ORTIZ worked an average of 60 hours a week for Defendants and was paid an average of $8.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Between the period of on or about August 5, 2016 through on or about January 9, 2017, Plaintiff KATHERINE MITCHELL CRUZ ORTIZ worked an average of 60 hours a week for Defendants and was paid an average of $9.25 per hour but was never paid the extra half

time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. Between the period of on or about June 1, 2012 through on or about August 4, 2016, Plaintiff JOISELYN C ROBLETO worked an average of 60 hours a week for Defendants and was paid an average of $8.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

21. Between the period of on or about August 5, 2016 through on or about January 9, 2017, Plaintiff JOISELYN C ROBLETO worked an average of 60 hours a week for Defendants and was paid an average of $9.25 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

22. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment

period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        Email: ZABOGADO@AOL.COM

        By:__/s/ J.H. Zidell_____
             J.H. Zidell, Esq.
          Florida Bar Number: 0010121