IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.   17-20169-cv-KING/TORRES

KATHERINE MITCHELL CRUZ,
JOISELYN ROBLETO and all others similarly situated,

      Plaintiffs,

v.

N.H., INC. d/b/a MERIDIAN FOOD MONEY
MARKET GRAM and
MOHAMMED HOSSAIN,

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, N.H. INC. and MOHAMMED HOSSAIN, through undersigned counsel, state the following in answer to, and in defense of, the Complaint:

1.      Defendants admit that Plaintiffs purport to bring an action under the Fair Labor Standards Act ("FLSA")

2.      Defendants are without knowledge of the allegations in Paragraph 2.

3.      Paragraph 3 is admitted except to the extent that the term "relevant time period" exceeds the two year period preceding the filing of this Complaint.

4.      Paragraph 4 is admitted except to the extent that the term "relevant time period" exceeds the two year period preceding the filing of this Complaint.

5.      Paragraph 5 is denied to the extent that it allegations there were acts which gave rise to the cause of action. Defendants admit that Plaintiffs worked for N.H. INC. in Miami Beach, Florida.

<u>COUNT I - OVERTIME PAY</u>

6.     Defendants admit that Plaintiffs purport to bring an action on behalf of themselves and others similarly situated but deny that Plaintiffs have any claim or that there are others who are similarly situated.   All other allegations in Paragraph 6 are denied.

7.     Defendants admit that the Court has subject matter jurisdiction under the cited statutes but deny there is a basis for exercising jurisdiction in this case.

8.     Defendants admit that Plaintiffs purport to cite a provision of the FLSA but refer the Court to the exact language of the statute.   Paragraph 8 also states a conclusion of law to which no response is required.

9.     Defendants admit that Plaintiff CRUZ worked for N.H., INC. for at least three years before January 9, 2017.   All other allegations are denied.

10.    Defendants admit that Plaintiff ROBLETO worked for N.H. INC. for at least three years before January 9, 2017.   All other allegations are denied.

11.    Defendants admit that N.H., INC. used materials that moved in interstate commerce in its business.   All remaining allegations in Paragraph 11 are denied.

12.    Defendants deny the allegations of Paragraph 12.

13.    Paragraph 13 is admitted to the extent it alleges that N.H., INC. employed 2 or more employees who handled materials that moved in interstate commerce. The remainder of Paragraph 13 is a conclusion of law to which no response is required.

14.    Paragraph 14 is admitted to the extent that this lawsuit involves those years.

15.    Paragraph 15 is admitted to the extent that this lawsuit involves 2017

16. Paragraph 16 is incomprehensible and cannot be admitted or denied as worded.

17. Paragraph 17 is admitted to the extent that Plaintiffs attempt to allege that HOSSAIN meets the definition of an "employer" under the FLSA.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied and it is also denied that Plaintiffs are entitled to any of the relief sought in the unnumbered paragraph following Paragraph 22.

## AFFIRMATIVE DEFENSES

23. First Affirmative Defense: Assuming either Plaintiff can state a claim for overtime pay, Defendants acted in good faith and did not knowingly or willfully disregard its obligations under the FLSA and therefore are entitled to protection under the Portal to Portal Act.

24. Second Affirmative Defense:   Assuming either Plaintiff can state a claim for overtime pay, that Plaintiff's work hours do not include, and she is not entitled to be compensated for, time spent during the work day on personal pursuits that were for her own benefit and have no connection with Defendants' business.

25. Third Affirmative Defense:   Assuming either Plaintiff can state a claim for overtime pay, that Plaintiff is not entitled to be compensated for time which is not "work time" under the Portal to Portal Act, including but not limited to the time spent engaged in conversion or in a conspiracy to convert corporate funds and credit for

her own benefit or for the benefit of others.

26.     Fourth Affirmative Defense.   Assuming either Plaintiff can state a claim for overtime pay, that Plaintiff is barred by the Statutes of Limitations from seeking or being awarded damages for any hours beyond those worked in the two years preceding the filing of this Complaint.

27.     Fifth Affirmative Defense.     Assuming either Plaintiff can state a claim for overtime pay,   Defendants are not   liable   for that Plaintiff's accrual of overtime beyond any she was authorized to work as Defendants did not suffer or permit that Plaintiff to work more overtime than was authorized and that Plaintiff never made Defendants aware that she was working more overtime hours than authorized.

28.     Sixth Affirmative Defense.   Assuming either Plaintiff can state a claim for overtime pay, Defendants are entitled to set-off the amount(s) that she was overpaid for work she did not perform, for advanced pay, for unpaid loans that remained outstanding at the time of her separation, and for corporate funds or credit that she converted to her own use or benefit or the benefit of others, or from which she defrauded Defendants.

29.     Seventh Affirmative Defense.     Assuming either Plaintiff can state a claim for overtime pay, that Plaintiff is guilty of unclean hands and, therefore, is not entitled to seek or receive any equitable relief due to her breaches of fidiciary duty, which include the misappropriation, conversion and misuse of work time and corporate funds and her attempts to defraud Defendants and bringing a lawsuit that is a fraud on the Court.

30.     <u>Eighth Affirmative Defense</u>.     Assuming either Plaintiff can state a claim for overtime pay she is not entitled to seek overtime for time that is "de minimus".

Defendants expressly deny any matter in the Complaint which is not answered and further reserves the right to raise additional defenses and counter-claims as discovery may reveal.

WHEREFORE, Defendants respectfully requests the Court to dismiss this action with prejudice, and award them their reasonable attorney's fees and costs in having to defend this frivolous and fraudulent action.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel:   (305) 556-3663
Fax: (305) 556-3647
Email:   langbeinpa@bellsouth.net

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 3/2/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By:   /s/ Leslie W. Langbein
        Leslie W. Langbein, Esq.
        Fla. Bar No. 305391

<u>SERVICE LIST</u>

.H. ZIDELL, P.A.
Joshua Sheskin, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com

LANGBEIN & LANGBEIN, P.A.
Leslie W. Langbein, Esq.
Attorneys For Defendants
8181 NW 154 Street, Suite 105
Miami Lakes, Fl 33016
Telephone 305-556-3663
Facsimile 305-556-3647
langbeinpa@bellsouth.net