UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:
1:17-CV-20169-EGT

[CONSENT CASE]

KATHERINE MITCHELL CRUZ ORTIZ,             )
JOISELYN C ROBLETO, and all others          )
similarly situated under 29 U.S.C. 216(b),  )
        Plaintiff,                        )
                                          )
vs.                                         )
                                            )
N.H. INC. a/k/a MERIDIAN FOOD               )
MARKET/MONEY GRAM, MOHAMMED                 )
HOSSAIN,                                    )
        Defendants.                       )
_____

**AMENDED JOINT SCHEDULING REPORT PER [DE 15]**

      Plaintiffs and Defendants pursuant to Fed. R. Civ. P. 26(f) and S.D.Fla. L.R. 16.1, hereby file this Amended Joint Scheduling Report.

1. **PLAIN STATEMENT OF THE NATURE OF THE CLAIM AND ANY COUNTERCLAIMS, CROSS-CLAIMS, OR THIRD-PARTY CLAIM, INCLUDING THE AMOUNT OF DAMAGES CLAIMED AND ANY OTHER RELIEF SOUGHT.**

For Plaintiffs:

This cause sounds under the Fair Labor Standards Act under 29 U.S.C. 201-216 regarding overtime wages and minimum wage violations. Plaintiffs seek the damages set forth in the statement of claim filed in this cause [DE11]. Additionally, Plaintiffs seek doubling for the wages and all fees and costs under the FLSA. Plaintiff reserves the right to amend to add any claims that arise out of Defendants' counterclaim and/or adverse employment actions. Plaintiffs reserve the right to move to dismiss any counter claims by defendants as necessary.

For Defendants:

Plaintiffs worked as hourly employees. Defendants fully complied with the FLSA. Plaintiffs misused work time and stole pay while committing acts of theft and fraud against Defendants. Plaintiff Cruz was arrested and charged with Grand Theft 2nd Degree Felony

and it is anticipated that Plaintiff Robleto also will be arrested for conspiring with Cruz. Defendants intend to amend their Answer and assert a counter-claim against Plaintiffs.[1]

2. **BRIEF SUMMARY OF FACTS UNCONTESTED OR WHICH CAN BE STIPULATED TO WITHOUT DISCOVERY.**

None at this time.

3. **BRIEF SUMMARY OF THE ISSUES AS PRESENTLY KNOWN.**

For Plaintiff:

a) The hours Plaintiff worked and whether Plaintiff was paid for all hours worked or permitted to suffer in accordance with the FLSA.
b) How much overtime wages are owed to Plaintiff, if any.
c) How much minimum wages are owed to Plaintiff.

d) Whether Defendants' actions were willful and whether they were in good faith.

e) The issues set forth in the most recent complaint.

For Defendants:

a) Whether Plaintiffs had a good faith basis in law or fact to file this lawsuit given they were under investigation for grand theft of Defendants' funds?[2]

b) Whether Plaintiffs misused work hours for personal purposes including to commit theft and fraud and whether they accepted pay for hours that they never worked?

c) Whether Defendants acted in good faith and whether any damages should be limited to a 2 year Statute of Limitations without imposition of liquidated damages?

d) Whether Defendants are entitled to set off against any amount deemed to be owed to Plaintiffs the amount of wages they were overpaid for work they did not perform, for advanced pay, for unpaid loans that remained outstanding at the time of their separation, and for work time, corporate funds or credit that they converted to their own use or benefit, or from which they defrauded Defendants[3]

---

[1] Plaintiffs contend this is inappropriate to insert in a Joint Scheduling Report
[2] Plaintiffs contend this is inappropriate to insert in a Joint Scheduling Report. Additionally, Plaintiffs contend this is not a valid defense to an FLSA case.
[3] Plaintiffs contend this is not a valid defense to an FLSA case

e. Whether Plaintiffs are guilty of unclean hands and, therefore, are not entitled to seek or receive any equitable relief due to their misappropriation, conversion and misuse of work time, corporate funds and credit, attempts to defraud Defendants and due to bringing a lawsuit that is a fraud on the Court.

4. **WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR LIMITED TO PARTICULAR ISSUES.**

.
Plaintiffs do not believe that discovery needs to be conducted in phases or limited to any particular issues. Defendants believe that Plaintiff's depositions should be taken first while they are out on bond and are free to attend court proceedings and to gather and produce documents.

5. **DETAILED SCHEDULE OF DISCOVERY FOR EACH PARTY.**

Initial Disclosures shall be completed by 8/31/17.
All expert discovery shall be completed by 2/28/18.

All non-expert discovery shall be completed by 2/28/18.

6. **PROPOSED DEADLINES FOR JOINDER OF OTHER PARTIES AND TO AMEND THE PLEADINGS, TO FILE AND HEAR MOTIONS AND TO COMPLETE DISCOVERY.**

Joinder of other parties (including opt-in and certified classes) shall be completed by.
   Plaintiffs' proposed date: 9/15/17

   Defendants' proposed date 7/31/17

All Pleadings shall be amended by

   Plaintiffs' proposed date: 9/15/17

   Defendants' proposed date 7/31/17


All dispositive Motions shall be filed and heard by 3/12/18.

   All non-dispositive Motions (unless otherwise indicated above) shall be filed and heard by: 4/9/18

Discovery shall be completed as set forth in number 5 above.

7. **PROPOSED DATES FOR FINAL PRETRIAL CONFERENCE AND TRIAL.**

4/24/18 for Final Pretrial Conference.

5/01/18 or 5/14/18 or 6/4/18 for Specially Set Trial.

**8.     PROJECTED TIME NECESSARY FOR TRIAL AND A STATEMENT OF WHETHER THE CASE IS JURY OR NON-JURY TRIAL.**

The parties estimate this case will require 3 to 4 days for trial.  This shall be a trial by jury.

**9.     LIST OF ALL PENDING MOTIONS, WHETHER MOTION IS RIPE FOR REVIEW, DATE MOTION BECAME RIPE, AND SUMMARY OF RESPECTIVE POSITIONS REGARDING EACH RIPE MOTION.**

None at this time.

**10.    UNIQUE LEGAL OR FACTUAL ASPECTS OF THE CASE REQUIRING SPECIAL CONSIDERATION BY THE COURT.**

For Plaintiff:

None at this time.

For Defendants:

   Plaintiff CRUZ has been charged with 2nd Degree Grand Theft and has been released on bond.  Plaintiff ROBLETO has or will be arrested on a similar charge.  The pendency of the criminal proceedings may impact discovery including their ability to appear for depositions and produce documents.   The criminal proceedings may also impact other court deadlines and trial.[4]

**11.    ANY POTENTIAL NEED FOR REFERENCE TO A SPECIAL MASTER OR MAGISTRATE.**

The Parties already consented and the matter was transferred accordingly.

**12.    STATUS AND LIKELIHOOD OF SETTLEMENT.**

At the present time, the likelihood of settlement cannot be determined. The Parties agree to pursue settlement of this action as discovery proceeds.

**13.    DOCUMENTS.**

---

[4] Plaintiffs contend this is inappropriate to insert in a Joint Scheduling Report

The parties agree to permit inspection of files in accordance with the rules, and work together to allow copies to be made in accordance with the rules.  Initial Disclosures shall be provided timely as ordered and agreed herein.

14. **WITNESSES.**

.
Witnesses shall be provided by the parties pursuant to the exchange of initial disclosures. Disclosures of witnesses shall continue throughout the discovery process as applicable. The parties reserve the right to supplement.

15. **MANUAL ON COMPLEX LITIGATION.**

The parties have no proposals regarding use of the Manual.

16. **MAGISTRATE JUDGE.**

The parties have consented to the magistrate for all matters, including a jury trial and any post-trial proceedings [DE14].

17. **OTHER.**

None.

DATED:  The 25th day of May, 2017.

| | |
|---|---|
| J. H. ZIDELL, P.A. | Florida Bar No. 305391 |
| ATTORNEYS FOR PLAINTIFFS' | 305-556-3663 |
| 300-71ST STREET, SUITE 605 | Fax: 556-3647 |
| MIAMI BEACH, FLORIDA 33141 | Email: langbeinpa@bellsouth.net |

BY:__s/_ Neil Tobak _____
NEIL TOBAK, ESQUIRE
FLORIDA BAR NO.: 93940
PH: 305-865-6766
FAX: 305-865-7167
ntobak.zidellpa@gmail.com


LANGBEIN & LANGBEIN
ATTORNEY FOR DEFENDANTS
8181 NW 154 Street Suite 105
Miami Lakes, FL 33016

BY:__s/ Leslie W. Langbein _____
LESLIE W. LANGBEIN , ESQUIRE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:
1:17-CV-20169-EGT

[CONSENT CASE]

KATHERINE MITCHELL CRUZ ORTIZ,     )
JOISELYN C ROBLETO, and all others )
similarly situated under 29 U.S.C. 216(b), )
       Plaintiff,                  )
   vs.                                )
N.H. INC. a/k/a MERIDIAN FOOD      )
MARKET/MONEY GRAM, MOHAMMED        )
HOSSAIN,                           )
       Defendants.                 )
_____ )

## JOINT PLANNING AND SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f) and S.D.Fla. L.R. 16.1(B), and upon consideration of the Joint Planning and Scheduling Report filed by the Parties and being otherwise duly advised, it is ORDERED AND ADJUDGED:

1. Initial Disclosures shall be completed by _____.

2. All opt-in and/or class certification discovery shall be completed by _____.

3. All expert and non-expert discovery shall be completed by _____.

4. Joinder of other parties (including opt-in and certified classes) shall be completed by _____.

5. All Pleadings shall be amended by _____.

6. All Motions dispositive and otherwise shall be filed and heard by _____.

7. The Final Pretrial Conference shall be held no later than _____.

8. Trial shall be held no later than _____ unless a continuance is granted in accordance with the local rules and the Federal Rules of Civil Procedure.

9. This case is assigned to the standard track pursuant to Local Rule 16.1 (A) (2) as it is estimated this case will require 3 to 4 days for trial.  This shall be a trial by jury.

10. The Manual on Complex Litigation shall not be utilized in this matter.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2014.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record