IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  17-20169-cv-KING/TORRES

KATHERINE MITCHELL CRUZ,
JOISELYN ROBLETO and all
others similarly situated,

      Plaintiffs,

v.                                            CONSENT CASE

N.H., INC. d/b/a MERIDIAN FOOD MONEY
MARKET GRAM and
MOHAMMED HOSSAIN,

      Defendants.

_____/

### DEFENDANTS' VERIFIED RESPONSE TO MOTION TO DISQUALIFY AND INCORPORATED MOTION FOR PROTECTIVE ORDER and for an AWARD OF EXPENSES under Rule 37(5)

      Defendants, N.H., INC. and MOHAMMED S. HOSSAIN, respond to Plaintiff's

Motion to Disqualify and to Compel Deposition of Leslie W. Langbein, Esq. ("the Motion")

and incorporate in their response a Motion for Protective Order pursuant to Rule 26 (c)

and as grounds for the relief and for sanctions sought state:

### The Motion is a Sham and Was Filed in Bad Faith

      This is the _third case_ in which Plaintiff's counsel has sought defense counsel's

disqualification.  The **_exact same issues_** previously were raised and fully briefed in the

case of Lopez-Osorio v. Art Landscaping Corp, et al, USDC Case No. 15-20614-cv-

OTAZO-REYES. [1] See DEs 26-28 and 34-36, 37, 39.44, 47-56 therein. Judge Otazo-

_____

[1]   To conserve on legal fees, Defendants incorporate by reference the Law Firm's response to Plaintiff's Counsel's Motion to Disqualify with its incorporated Motion for Protective Order in Lopez-Osorio v. Art Landscaping Corp., et al, USDC Case No. 15-

Reyes ruled that there was no legal or factual basis to disqualify Mrs. Langbein as she was not a necessary witness at trial on the issue of good faith and ***granted*** defendants' motion to protect Mrs. Langbein from having her deposition taken. See Exhibit "A". The exact same circumstances considered in <u>Lopez-Osorio</u> are present in this case. [2]

Like its long-term relationship with its defense clients in the <u>Lopez-Osorio</u>, Langbein & Langbein, P.A. ("the Law Firm") has represented MOHAMMED S. HOSSAIN and his two corporations N.H., Inc. (at issue in this case) and COLLINS & 74TH STREET, INC. (at issue in the second case, <u>Reyes v. Collins & 74th Street, Inc</u>., USDC Case No. 16-24362-cv-LENARD/GOODMAN) (hereafter referred to as "Reyes") for over thirteen (13) years. [3] Over the course of those years, the Law Firm has been consulted by, and provided employment law advice to Mr. Hossain and his corporations on a continuing basis.

***Plaintiff's Counsel is well aware of the Law Firm's prior representation of Mr. Hossain since they have been opposing counsel in the following FLSA lawsuits which have named Mr. Hossain individually:***

<u>Ramos v. Collins & 74th St, Inc</u>., USDC Case No. 07-cv-21478
<u>Morales v. Collins & 74th St., Inc</u>. USDC 08-cv- 21884
<u>Calderon v. Collins & 74th St., Inc</u>., USDC Case No. 15-cv-21966
<u>Montes-Reyes v. Collins & 74th St., Inc</u>., USDC Case No.15-cv-20614

---

20614-cv-OTAZO-REYES. Exhibit "B". Defendants respectfully request that the Court accept the legal arguments raised in those papers as part of their response to the Motion and in support of their incorporated Motion for Protective Order herein.

[2] Plaintiff's Counsel argues in FN 3 that Mrs. Langbein "knew" that it was necessary to depose her in this case due to the similar motion it filed in <u>Lopez-Osorio.</u> Plaintiff's Counsel exhibits a lack of candor by failing to inform this Court that Judge Otazo-Reyes's order determined that Mrs. Langbein was <u>not</u> a necessary witness and by issuing an order of protection to prevent the taking of her deposition.

[3] Judge Goodman has set a hearing on the second Motion to Disqualify for 6/22/17.

Plaintiff's counsel never sought Mrs. Langbein's disqualification on the basis that she would be a "necessary witness" in any previous cases despite that the *defense of good faith reliance was raised as an affirmative defense in each of them.* The timing of the motions in Lopez-Osorio, Reyes and in this case reveal much about their true purposes.

The first and second Motions to Disqualify in Lopez-Osorio and in Reyes respectively were filed long after answers asserting the affirmative defense of "good faith" were filed, written discovery was served and depositions were taken – not upon Mrs. Langbein first appeared as counsel for the defendants. Both previous motions followed strong evidence of FLSA compliance (such as time cards and proof of payment of overtime at a time and a half rate) and deposition testimony from defendants about their compliance with DOL regulations.

While Plaintiff's Counsel attempts to distinguish the timing of this Motion, there is no real material difference. N.H. and HOSSAIN filed their answer raising the affirmative defense of "good faith" on 3/3/17. [DE 9]. [4] Judge King issued a scheduling order on 3/7/17. [DE 10]. [5] Plaintiffs served written discovery on 5/1/17 and they have been responded to. Depositions dates have been agreed to by the parties. Plaintiff's counsel waited 3 months to first seek defense counsel's disqualification when it knew about the long-standing attorney-client relationship between Mr. Hossain and the Law Firm) from the outset.

Importantly, the Motion follows Mr. Hossain's 5/4/17 deposition in Reyes (and the

[4]  The complaint in this case was filed on 1/13/17.  See [DE 1].

[5]  The Court requested the parties to file a new Joint Scheduling Report by 5/25/17 due to the decision to consent to Magistrate jurisdiction.

second motion to disqualify which was filed on 5/9/17.)   There, Mr. Hossain testified that based on legal advice, he kept original times cards for all employees for three years. [Hossain Depo, p. 33:12-22]. He used a timecard machine to record employee work hours. [Id, p. 35: 18-19].   He paid employees bi-weekly.  [Id, p. 34: 15-20]    He paid employees by check. [Id., p. 44: 9-12].   He made appropriate federal deductions from paychecks. [Id., p. 44:22-24].   He did not hire undocumented workers.  [Id., 44:25-45:2]. Everyone utilized a time card to record their time. [Id., 45: 3-8].   He never instructed employees to clock out and keep on working.  [Id., 50: 6-11].   He had no knowledge of anyone in the store clocking out and working more hours. [Id, 51: 11-13].   His time card system was in place *after the first time he was sued and for a "long time*".  [Id., p. 54: 18-23]. He posted a wage and hour poster in the store.  See Exhibit "C".[6]

Mr. Hossain's upcoming deposition in this case will show that he implemented the same compliance measures at NH.   Thus, there is and was no need for Mrs. Langbein to be named as a witness on the issue of "good faith" because ***the best evidence of the legal advice rendered to Mr. Hossain are the efforts he took to comply with the FLSA.   These include Plaintiffs' time cards and corresponding paychecks*** which have been produced. [7]    The Motion, therefore, is a subterfuge designed to delay the proceedings, harass and cause the defendants to expend additional attorney's fees and

---

[6]  Plaintiff's Counsel's Motion states that its clients seek overtime pay since 2012.   See page 12 of Motion.   However, Defendants also have raised the defense of Statute of Limitations.   *Therefore, Plaintiffs are limited, at most, to a period beginning 1/14/14, not 2012*.

[7]  The advice Mr. Hossain sought and received and the measures he took to comply with the FLSA are "Ex Eo Quod Res Est" -- the thing is evidence of the fact, which in this case is "good faith."

costs, deprive them of their long-time chosen counsel and rid the case of their opposing counsel, hoping that a new attorney might convince defendants they ought to cave to Plaintiff's demands and settle.

Plaintiff's Counsel failed attempt to disqualify Mrs. Langbein in <u>Lopez Osorio</u> asserted the same arguments they make here. None of the cases or provisions of the Florida Bar's Code of Professional Responsibility 8 mentioned by Plaintiff mandate a different result. For example, <u>Klupt v. Krongard,</u> 126 Md.App. 179, 728 A.2d 727, 741 (1999) is inappropriately cited on page 5 of the Motion. In <u>Klupt</u>, disqualification of the attorney was ordered because he was a likely witness ***adverse*** to his client's interests. The provisions of the Rules of Professional Responsibility on which Plaintiff's counsel rely stand for the same proposition: a lawyer must withdraw or be disqualified when it is obvious that he or she will be a witness *other than on behalf of his own client.* Clearly any testimony Mrs. Langbein could offer at trial ***would be beneficial*** to her clients to show they sought advice and followed it. See Rule 4-1.7. Moreover, Fla. Bar Rule 4-3.7 does not mandate Mrs. Langbein's disqualification. See <u>Allied Signal Recovery Trust v. Allied Signal, Inc.</u>, 934 So. 2d 675 (Fla. 2d DCA 2006) [no need for disqualification when a party disavows an intent to call its attorney as witness].

Plaintiff's Counsel argument that Mrs. Langbein is a "necessary witness" for *its* opposition to Defendants' good faith defense, 9 see page 6 of Motion, was raised before Judge Otazo-Reyes and rejected. It also was rejected in <u>Allied Signal Recovery Trust</u>,

8   The sections cited by Plaintiff's Counsel are from the <u>Code</u> of Professional Responsibility which was replaced with the <u>Rules</u> of Professional Responsibility in 1987.
9   As here, the defendants in <u>Lopez-Osorio</u> case and in <u>Reyes</u> did not name Mrs. Langbein as a witness in their Initial Disclosures since they never anticipated calling her as a witness at trial.

*supra*, as an impermissible attempt by a party to interfere with the attorney-client relationship through the guise of calling the opposing party's counsel as a witness.

Furthermore, there is no need to solicit Mrs. Langbein's testimony concerning the advice she provided to Defendants. Mr. Hossain can be asked direct questions at deposition such as "Did you seek the advice of counsel ?" "What was the nature of that advice ?" and " What changes did you make in your time-keeping or pay practices based on the advice of counsel?" [10] Even assuming there were valid grounds for seeking Mrs. Langbein's disqualification, the declaration of MOHAMMED S. HOSSAIN attests to his desire to continue being defended by Mrs. Langbein and the harm he would suffer if she were disqualified. See Exhibit "D".

The fact that Plaintiff's Counsel have filed yet ***a third*** Motion to Disqualify against Mrs. Langbein despite Judge Otazo-Reyes' prior order--which thoroughly analyzed the law and similar facts--- is evidence of its vexatious purpose: no objective lawyer would file ***same motion*** attempting to disqualify the ***same opposing counsel*** on the ***same bases*** in ***three different cases*** before ***three different judges.*** For this reason, the Motion is due to be denied and Defendants should be awarded their expenses pursuant to Rule 37(5)(b).

### Motion for Protective Order

Defendants incorporate by reference the grounds stated in their previously granted Motion for Protective Order in <u>Lopez-Osorio</u> to prevent the taking of Mrs. Langbein's deposition. Defendants also move for protection to prevent disclosure of attorney-client

---

[10] Plaintiff's Counsel refuses to stipulate that any testimony given by Mr. Hossain concerning attorney-client privileged communications with Mrs. Langbein constitute a limited waiver of the privilege.

and work-product privileged information and documents that were provided in the context of defending previous FLSA lawsuits.

WHEREFORE, Defendants respectfully request that the Court deny the Motion in its entirety, grant protective relief and award Defendants their expenses in having to respond to the Motion.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A
8181 NW 154 St., Suite 105
Miami Lakes, FL. 33016
Ph: 305-556-3663
Fx: 305-556-3647
Email: langbeinpa@bellsouth.net

By: /s/ Leslie W. Langbein
    FBN 305391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 6/14/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list.

By: /s/ Leslie W. Langbein
    FBN 305391

## SERVICE LIST

J.H. ZIDELL, P.A.
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com