UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20169-CIV-EGT

[CONSENT CASE]

KATHERINE MITCHELL CRUZ ORTIZ,          )
JOISELYN C ROBLETO, and all others      )
similarly situated under 29 U.S.C. 216(b),  )
                                        )
                                        )
            Plaintiffs,                 )
      vs.                               )
                                        )
                                        )
N.H. INC. a/k/a MERIDIAN FOOD           )
MARKET/MONEY GRAM,                      )
MOHAMMED HOSSAIN,                       )
                                        )
            Defendants.                 )
_____ )

**PLAINTIFFS' MOTION TO STAY THE CASE AND, IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' WRITTEN DISCOVERY**

COME NOW the Plaintiffs, by and through the undersigned, and move this Court for a stay of the proceedings in light of the pending attendant criminal proceedings and, in the alternative, for enlargement of time for Plaintiffs to respond to Defendants' written discovery, and in support thereof state as follows:

1.   This matter is brought pursuant to the Fair Labor Standards Act ("FLSA") regarding Plaintiffs' unpaid overtime wages as to Plaintiff Ortiz from on or about February 20, 2012 through on or about January 9, 2017 and as to Plaintiff Robleto from on or about June 1, 2012 through on or about January 9, 2017. [DE1].

2.   As set forth in the Amended Joint Scheduling Report Per [DE17], Defendants have filed charges against Plaintiff Cruz of a criminal nature and this Motion is made on the grounds that a stay of this civil action is necessary to protect both Plaintiffs' Fifth Amendment Rights in

connection with said criminal proceeding as Plaintiff Ortiz is a party-defendant and Plaintiff Robleto[1] is a potential non-party witness. Plaintiffs will be greatly prejudiced by their inability to meaningfully prosecute this civil action if forced to proceed prior to the resolution of the criminal proceedings.

3.   Plaintiff Ortiz's criminal matter is set for trial in late August, barring any enlargements of time for same. It is difficult to imagine how adjudication of the case at bar would not implicate many of the factual issues underlying the criminal action and Plaintiffs should not be forced to choose between abandoning the opportunity to prosecute the civil action and "courting liability in the criminal case" by waiving their Fifth Amendment rights. *See, Jones v. Conte,* No. C 04-5312 SI, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005).

4.   Thus, where, as here, "a party to a civil action is subject to criminal proceedings and/or investigations that relate to such civil action, courts will often stay the civil proceeding so as to prevent the use of civil discovery and evidentiary procedures to obtain evidence for use in the criminal matter" and "to preserve a defendant's Fifth Amendment privilege rights." *Coley v. Lucas Cty., Ohio,* Case No. 3:09-CV-0008, 2011 WL 5838190, at *2 (N.D. Ohio Nov. 18, 2011) (Armstrong, M.J.); McCullaugh v. Krendick, Case No. 5:07-CV-2341, 2009WL 2929306, at *1 (N.D. Ohio Sept. 9, 2009) (citations omitted).

5.   Further, on June 15, 2017, Defendants served Plaintiff with the Corporate Defendants First Set of Interrogatories and First Request for Production directed towards each Plaintiff. Said responses come due July 17, 2017.[2] Plaintiffs are desirous to protect their Fifth Amendment rights and ability to defend the criminal proceedings brought against them so that they can testify

---

[1] Plaintiff Robleto has advised the undersigned Firm that she agrees with the requested stay.

[2] The Responses come due on Saturday, July 15, 2017, and, as such, the undersigned has calculated the deadline for Plaintiffs' Responses to come due on July 17, 2017.

at their civil depositions without fear that their answers will in turn be used against them in a criminal proceeding, where, undoubtedly, the stake are significantly higher and directly can potentially affect their liberty. By responding to the written discovery, Plaintiffs will be making sworn statements that could potentially negatively affect them in the criminal matters.

6.   Therefore, Plaintiffs respectfully request this Court to stay this matter, including, but not limited to, all motions and discovery, and await the outcome of the attendant criminal litigation. In the alternative, Plaintiffs respectfully request an enlargement of fourteen (14) days from the Court's Order to provide Defendants with their responses to Defendants' written discovery requests.

## MEMORANDUM OF LAW

In deciding whether to stay a matter, the district court has discretion to police its own docket. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see, also, American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984). A stay should be granted when it may promote judicial economy, and reduce confusion and prejudice. *See, e.g., Axa Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F.Supp.2d 1330, 1346 (S.D. Fla. 2009).  Review of a motion for stay pending the outcome of another case rests on whether there is a "pressing need for the stay" and whether the balances of interest favor a stay "against the interests frustrated by the action." *Prati v. U.S.,* 82 Fed. Cl. 373, 378 (2008) (citing, *Cherokee Nation of Oklahoma v. U.S.,* 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

In light of the attendant criminal proceedings Plaintiffs have demonstrated good cause to stay the instant civil action pending the outcome of the attendant criminal proceedings. There will be no prejudice caused to Defendants by the stay and they will be able to minimize fees and costs as they litigate the other matter.

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THIS COURT TO STAY THIS MATTER, INCLUDING, BUT NOT LIMITED TO, ALL MOTIONS AND DISCOVERY, AND AWAIT THE OUTCOME OF THE ATTENDANT CRIMINAL LITIGATION. IN THE ALTERNATIVE, PLAINTIFFS RESPECTFULLY REQUEST AN ENLARGEMENT OF FOURTEEN (14) DAYS FROM THE COURT'S ORDER TO PROVIDE DEFENDANTS WITH THEIR RESPONSES TO DEFENDANTS' WRITTEN DISCOVERY REQUESTS.

### CERTIFICATE OF CONFERRAL

Defense Counsel, Leslie Langbein, Esq., opposes Plaintiffs' Motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF 7/6/17 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____**
**RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20169-CIV-EGT

[CONSENT CASE]

KATHERINE MITCHELL CRUZ ORTIZ,   )
JOISELYN C ROBLETO, and all others   )
similarly situated under 29 U.S.C. 216(b),   )
    )
             Plaintiffs,   )
    vs.   )
    )
N.H. INC. a/k/a MERIDIAN FOOD   )
MARKET/MONEY GRAM,   )
MOHAMMED HOSSAIN,   )
    )
        Defendants.   )
_____   )

**ORDER GRANTING PLAINTIFFS' MOTION TO STAY THE CASE AND, IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' WRITTEN DISCOVERY**

        This cause, having come before the Court on Plaintiffs' above-described Motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is GRANTED and therefore:

1. This matter is hereby stayed and no further action shall be taking pending the outcome of the attendant criminal litigation.

2. Plaintiffs shall file a Motion to Re-open the instant matter when the attendant litigation has concluded.

        DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2017.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record