UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 17-20169-cv-TORRES

KATHERINE MITCHELL CRUZ ORTIZ and
JOISELYN ROBLETO,

      Plaintiff,

v.                                          <u>CONSENT</u>

N.H, INC. and
MOHAMMED S. HOSSAIN,

      Defendants.
_____/

## <u>DEFENDANTS' VERIFIED RESPONSE TO PLAINTIFFS' MOTION TO STAY</u>

Defendants, NH, INC. ("NH")  and MOHAMMED S. HOSSAIN ("HOSSAIN"), file this response to Plaintiffs' Motion to Stay and for an Extension of Discovery ("the Motion").[1]

<u>Background to Motion</u>

N.H. INC. operates a small grocery store located on Meridian Avenue in South Beach.  Both Plaintiffs worked as cash checking clerks.  They simultaneously resigned their positions on 1/9/17 [2] and instituted this lawsuit on 1/13/17. [DE 1].  Both Plaintiffs

_____

[1]    Plaintiffs' counsel never conferred regarding the request for an extension of discovery.   There was a conferral regarding the need for a stay.   Defendants oppose any extension of Plaintiffs' discovery responses since Plaintiffs have used this case as a "sword" to obtain and complete their own discovery and now seek to shield themselves from making reciprocal discovery two days before their discovery responses are due.

[2]    CRUZ's husband sent a text message to Mr. Hossain's wife on 1/9/17 stating his wife would not be returning to the store due to the "problem."   The "problem" began when Mr. Hossain performed an internal audit and discovered that approximately $94,000.00 was missing from the Store's check cashing operation.  Mr. Hossain filed a police report with the City of Miami Beach Police Department and a criminal investigation was commenced. The police presented the case to the State Attorney's Office.   An information for Grand

allege in their Statement of Claims that they worked 65 hours a week.   Both Plaintiffs claim the extra 25 hours they worked each week was "off the clock."   Their time cards and paychecks, on the other hand, show a normal work schedule of 37-40 hours each week. [3]

Although Plaintiffs were aware of the criminal charges against CRUZ at the time an Amended Joint Scheduling Report was drafted and filed on 5/25/17 [DE 17], they never sought a stay.   Nor did they raise the need for a stay as a "unique aspect" of the case as they could have in paragraph 10 of the Amended Joint Scheduling Report.   The parties agreed to the dates in the Amended Scheduling Report and the Court set the trial of this matter on its calendar.

Plaintiffs initiated discovery by serving Requests for Admissions, Requests for Production and Interrogatories on Defendants.   Defendants responded to Plaintiffs' requests on 6/7/17.   Defendants served their own RFP's and Interrogatories on Plaintiffs on 6/15/17.  Plaintiffs scheduled and took Mr. Hossain's deposition (individually and as Rule 30(b)(6) corporate representative ) on **_7/5/17_**.   CRUZ attended Mr. Hossain's deposition. [4]   Plaintiffs' depositions are set to be taken some time in August, 2017.

---

Theft 2nd Degree and Organized Fraud was filed against CRUZ on 5/12/17.   As of the date of this response, ROBLETO has not been charged with any crime.

[3]   Plaintiffs continue to assert that they are seeking back wages through 2012 (see ¶ 1 of Motion) although their counsel is certainly aware that the maximum Statute of Limitations under the FLSA is 3 years, limiting their claim to 1/13/14, at the very most.

[4]   On 7/5/17, Attorney Jaff, who was taking Mr. Hossain's deposition, entered the room accompanied by a young lady.   When defense counsel asked Ms. Jaff to identify the young lady, she introduced her as Plaintiff ROBLETO. Defense counsel introduced herself to "Ms. Robleto" as the attorney representing the defendants.   Neither "Ms. Robleto" nor Ms. Jaff responded.  The deposition began.  In the course of the questioning, Ms. Jaff asked Mr. Hossain if he recognized the young lady seated next to her. Mr. Hossain identified the young lady as Plaintiff CRUZ.  Ms. Jaff then continued questioning Mr. Hossain without clarifying or commenting on the obvious discrepancy in the woman's

(Defendants have provided dates and Plaintiffs have not indicated their choices).

Plaintiffs served their Motion ***the day following Mr. Hossain's deposition and after they had completed all their discovery.***   They now attempt to use the Motion to shield themselves from providing ***any discovery.***

Memorandum of Law

Plaintiffs' Motion cites neither facts nor law that warrant a stay of this lawsuit.  It is their burden to show why a stay in necessary.  <u>Landis v. N. Am. Co</u>., 299 U.S. 248, 255, 57 S. Ct. 163, 81 L.Ed.153 (1936).  The sole basis of Plaintiffs' request seems to be the existence of a criminal case against CRUZ and ROBLETO's status as a possible witness in that matter.  Case law does not support granting a stay on this basis.

The adverse party's right to proceed with a case should not be denied except in the most extreme circumstances.  It is the rule rather than the exception that civil and criminal cases proceed together.  <u>C.F.T. C.  v. Chilcott Portfolio Mgmt, Inc</u>., 713 F. 2d 1477, 1484 (10th Cir. 1983) cited in <u>SEC v. Spinosa</u>, 2015 U.S. Dist LEXIS 180524 (S.D. Fla. 2015).   The Eleventh Circuit has set a particularly high bar for when a stay in a civil case should be granted.   It is justified only when the moving party can establish certain loss of the civil case on summary judgment by raising the Fifth Amendment.   <u>Pervis v. State Farm Fire & Casualty Co</u>., 901 F. 2d 944, 946-947 (11th Cir. 1990).  The movant cannot merely claim loss of his or her most effective defense.

---

identity.  After the next break in the deposition, defense counsel requested Ms. Jaff to have the young lady state her identity for the record due to the confusion.  Only when caught in this trick did Ms. Jaff then claim she had made a "mistake" and admit that the young lady identify as "Ms. Robleto" actually was Plaintiff CRUZ.  Ms. Jaff's ploy of misrepresenting CRUZ's true identity was an attempt to trap Mr. Hossain into misidentifying CRUZ to gain an advantage in the criminal proceedings.

In accord with the Eleventh Circuit's high standard, courts in this district examine several factors to determine if a stay is appropriate.  The most important of those factors is whether there is significant overlap of the facts which must be proven in the civil case and in the criminal proceedings.   Gonzalez v. Israel, 2015 U.S. Dist. LEXIS 89163 (S.D. Fla. 2015); SEC v. Healthsouth Corp., 261 F. Supp.2nd 1298 (N.D. Ala.2003).   This circumstance is best illustrated when the acts which form the basis of the civil claim are also the basis of the criminal charges. See examples cited in U.S. v. Pinnacle Quest Int'l, 2008 U.S. Dist. LEXIS 78165 (N.D. Fla. 2008) [government sued defendants at the same time they had or were about to be arrested by government for criminal tax evasion].  But, the existence of some common facts between the civil and criminal cases is not enough by itself to warrant granting a stay. 5

Here, Plaintiffs stated the factual issues to be decided in their civil case (in the Amended Joint Scheduling Report) as:

"a)    The hours Plaintiff worked and whether Plaintiff was paid for all hours worked or permitted to suffer in accordance with the FLSA.
b)    How much overtime wages are owed to Plaintiff, if any.
c)    How much minimum wages are owed to Plaintiff.
d)    Whether Defendants' actions were willful and whether they were in good faith; and.
e)    The issues set forth in the most recent complaint."

The facts underlying CRUZ's criminal case, on the other hand, are whether she stole monies generated from N.H.'s check cashing services and whether she conspired with anyone else to commit that theft.  Common facts between the two proceedings are that Plaintiffs worked for N.H. as check cashing clerks _and may be also_ whether some of

---

4   The district court in SEC v. Spinosa, *supra*, found that despite a significant overlap of the facts in the defendant's civil and criminal case, a stay was not warranted.

the time that CRUZ now claims she worked but for which she was not paid actually was time she spent committing acts that were for her own benefit. [6] Plaintiffs do not (and cannot) even argue that this civil case and the criminal case are parallel proceedings as they clearly are not.

An equally important factor considered by courts is the potential prejudice adverse parties may suffer due to entry of a stay.  Plaintiffs aver that any delay will be short because CRUZ's trial is set for late August, 2017.   But as they admit, it is not uncommon for criminal defendants to waive speedy trial and seek last minute continuances.  Neither Plaintiffs, Defendants or this Court have any way of knowing if CRUZ's criminal trial actually will take place in August, 2017 or whether ROBLETO may be a witness in that trial, or later charged as a co-conspirator, delaying the case even further.    Even if the criminal case went to trial in August, 2017, the possibilities of an appeal mean the delay could be infinite.

Granting Plaintiffs' request for a stay would leave Defendants in the precarious position of being unable to obtain (or losing the opportunity to obtain) information and important documentation necessary to defend themselves such as Plaintiffs' cell phone records, etc.[7]; potentially losing track of witnesses due to separations or resignations from employment (or worse); risking the possibility of fading memories, see Young v Peraza, 2015 U.S. Dist. LEXIS 101844 (S.D. Fla. 2015) and continuing to suffer stress and strain of waiting for a resolution.

---

[6]   Defendants do not know for certain because CRUZ and ROBLETO have yet to respond to written discovery or to sit for their depositions.

[7]   Some cell phone companies only preserve cell phone records for a limited number of months.

Plaintiffs, on the other hand, face no loss of, or jeopardy to, their Fifth Amendment rights by denial of a stay.   It is well settled that parties who face criminal charges retain their right to assert the Fifth Amendment in discovery in the civil case. U.S. v. Premises Located at Route 13, 946 F. 2d 749 (11th Cir. 1991).   The mere fact that a party will raise a blanket assertion of the 5th Amendment privilege (and face the resulting adverse inference that will be drawn at trial) in a civil case is an inadequate reason to grant a stay. U.S. v. Lot 5, Fox Grove, Alachua County, Fla., 23 F. 3d.359, 364 (11th Cir. 1994); SEC v. Spinosa, *supra*.

The Motion is not only unsupported (it is not verified) but unsupportable as well. Its timing is suspicious -- immediately after taking Mr. Hossain's deposition and two days before Plaintiffs' written discovery responses are due.   Its wholesale lack of facts or supporting law and timing lead to only one conclusion:  the Motion is a delay tactic that is designed to obstruct Defendants' ability to complete its own discovery after CRUZ and ROBLETO obtained all the documents and information they needed.  The Court should not permit CRUZ and ROBLETO to benefit from discovery and then shield themselves from the same processes based on a flimsy claim of the need for a stay.

Having failed to show why a stay is warranted, the Motion should be denied. Plaintiffs also should be denied any extension of discovery because of their failure to comply with Local Rule 7.1(a)(3); because Plaintiffs have the ability to claim the Fifth Amendment in response to discovery, if they so choose; and Defendants should not be delayed in their right and ability to complete discovery.

WHEREFORE, Defendants respectfully request the Court to deny the Motion in its entirety, and order Plaintiffs to respond to Defendants' written discovery requests

forthwith and to attend their depositions in August, 2017.

MY SIGNATURE BELOW CONSTITUTES A VERIFICATION THAT THE FACTS
STATED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE,
RECOLLECTION AND BELIEF.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A
8181 NW 154 St., Suite 105
Miami Lakes, FL. 33016
Ph: 305-556-3663
Fx: 305-556-3647
Email: langbeinpa@bellsouth.net

By: /s/ Leslie W. Langbein
Fla. Bar. No. 305391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on
7/10/17 through CM/ECF and that a copy of the foregoing will be served via notification
through CM/ECF on all counsel or parties of record on the attached service list.

By: /s/ Leslie W. Langbein
FBN 305391

## SERVICE LIST

J.H. ZIDELL, P.A.
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com