UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20169-Civ-TORRES

KATHERINE MITCHELL CRUZ ORTIZ,
JOISELYN C ROBLETO, and all others
Similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

v.

N.H. INC. a/k/a MERIDIAN FOOD
MARKET, MONEY GRAM,
MOHAMMED HOSSAIN,

        Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION TO STAY THE CASE
OR, IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME TO RESPOND
TO DEFENDANTS' WRITTEN DISCOVERY**

This matter is before the Court on Katherine Mitchell Cruz Ortiz's and Joiselyn C. Robleto ("Plaintiffs") motion to stay, or alternatively for an extension of time to respond to written discovery ("Motion") against N.H. Inc. ("N.H. Inc.") a/k/a Meridian Food Market, Money Gram, and Mohammed Hossain ("Defendants"). [D.E. 22]. Defendants responded to Plaintiffs' Motion on July 10, 2017 [D.E. 23] to which Plaintiffs replied on July 12, 2017. [D.E. 24]. Therefore, Plaintiffs' Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiffs' Motion is **DENIED**.

1

## I.   BACKGROUND

Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA") regarding unpaid overtime wages during their employment as cash checking clerks.[1] Specifically, Plaintiff Ortiz seeks unpaid wages from February 20, 2012 through January 9, 2017 and Plaintiff Robleto seeks unpaid wages from June 1, 2012 through January 9, 2017.  [D.E. 1].  Plaintiffs simultaneously resigned their employment positions on January 9, 2017 and filed this action against Defendants on January 13, 2017.  Plaintiffs allege in their statement of claims that they worked 65 hours a week and that all of the time spent working over 40 hours during any particular week was "off the clock."

## II.   ANALYSIS

Plaintiffs' Motion seeks a stay, or alternatively an extension of time of fourteen days from the date of the Court's Order to respond to Defendants' written discovery. The reason Plaintiffs filed their Motion is because Defendants have filed criminal charges against Plaintiff Cruz and therefore a stay of this action is allegedly necessary to safeguard Plaintiffs' Fifth Amendment rights in connection with the related criminal proceedings.  Plaintiff Ortiz is a party-defendant in the criminal proceedings and Plaintiff Robleto is a potential non-party witness.   Plaintiffs believe that they will be greatly prejudiced in their ability to prosecute this civil action if they are forced to proceed prior to the resolution of the criminal matter.

---

[1]   NH Inc. operates a small grocery store located on Meridian Avenue in South.

Plaintiff Ortiz's criminal action is currently set for trial in late August 2017, barring any enlargements of time. Plaintiff contends that it is difficult to imagine how adjudication of this civil action would not implicate many of the factual issues underlying the criminal action. Thus, Plaintiffs believe that they should not be forced to choose between abandoning the opportunity to prosecute this case while simultaneously waiving their Fifth Amendment rights in the criminal proceedings.[2] Plaintiff state that they want to protect their Fifth Amendment rights to defend the criminal proceedings brought against them so that they can testify at their civil depositions without fear that their answers will in turn be used against them in a criminal proceeding. In other words, by responding to the written discovery, Plaintiffs suggest that they will be making sworn statements that could potentially affect their criminal matters in a negative way. As such, Plaintiffs request that this Court stay this civil action, including all motions and discovery pending the outcome of the criminal litigation.

In response, Defendant states that Plaintiffs have been aware of the criminal charges against Plaintiff Ortiz for some time and that Plaintiffs never previously sought a stay of this action. Instead, Defendants assert that both parties filed an Amended Joint Scheduling Report on May 15, 2017 and agreed to the dates as to how this civil action would proceed. Defendants also point out that Plaintiffs initiated

---

[2] On June 15, 2017, Defendants served Plaintiff with a first set of interrogatories and request for production directed toward each Plaintiff. The responses were due July 17, 2017.

3

discovery in this action by serving requests for admissions, production, and interrogatories. Defendants responded to Plaintiffs' requests on June 7, 2017. Defendants then served their own requests for production and interrogatories on Plaintiff on June 15, 2017. Before Plaintiffs responded to Defendants' discovery requests, Plaintiffs scheduled and took Defendant Hossain's deposition on July 5, 2017.[3]

Defendants believe that Plaintiffs' Motion lacks any merit because it cites neither facts nor law that warrants a stay of this action. The sole basis of Plaintiffs' request is purportedly the existence of a criminal case, yet Defendant suggests that the law in the Eleventh Circuit forecloses the relief sought. Moreover, Defendants state that there are minimal factual similarities between the civil and criminal proceedings. As stated in the Amended Joint Scheduling Report, Defendants point out that the factual issues to be decided in this action include: "(a) [t]he hours Plaintiff worked and whether Plaintiff was paid for all hours worked or permitted to suffer in accordance with the FLSA," (b) [h]ow much overtime wages are owed to Plaintiff, if any," (c) "[h]ow much minimum wages are owed to Plaintiff," (d) "[w]hether Defendants' actions were willful and whether they were in good faith," and (4) "[t]he issues set forth in the most recent complaint." [D.E. 23 at 4]. On the other hand, Defendants suggest that the criminal case is premised on the question of whether Plaintiff Ortiz stole monies generated from N.H.'s check cashing services

---

[3]     Plaintiffs' depositions are currently set to be taken some time in August 2017.

and whether Plaintiff Ortiz conspired with anyone else to commit that theft. The only common fact is allegedly that Plaintiff worked for N.H. as a check cashing clerk. Therefore, Defendant argues that the civil and criminal actions are noticeably different and that a stay is unwarranted on this basis alone.

Furthermore, Defendant contends that there is the potential for prejudice should the civil action be stayed. While Plaintiffs aver that any delay will be short because Plaintiff Ortiz's trial is set for late August 2017, Defendants believe that there is no way of knowing if Plaintiff Ortiz's criminal trial will actually take place at that time. Defendants are also concerned about the possibility of a stay because there is the prospect that Plaintiff Robleto may be a witness at trial, or that she may be later charged as a co-conspirator that might delay both actions even further. And even if the criminal action went to trial in August 2017 as scheduled, Defendants contend that the possibilities of an appeal might mean that a stay in this action could be infinite.

There is no dispute that the federal courts possess the power to stay a case. *See e.g., Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936); *Shell Oil Co. v. Altina Assocs., Inc.,* 866 F. Supp. 536, 540 (M.D. Fla. 1994). It is also equally clear that the privilege against compulsory self-incrimination applies in civil proceedings. The law in the Eleventh Circuit is that "[a] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua*

5

*County, Fla.,* 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel,* 397 U.S. 1, 12–13 & n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970)). "The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" *Erwin v. Price,* 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973)). "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *S.E.C. v. Wright,* 261 Fed. Appx. 259, 262–63 (11th Cir. 2008). That is, "[a]bsent special circumstances, the mere existence of parallel criminal and civil proceedings does not mandate entry of a stay of the latter." *Lay v. Hixon,* 2009 WL 1357384, at *2 (S.D. Ala. May 12, 2009); *Dean v. Douglas,* 2012 WL 6151137, at *3 (M.D. Ga. Dec. 11, 2012) (same).

Therefore, a court may "deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant." *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Premises Located at Route 13,* 946 F.2d 749, 756 (11th Cir. 1991); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) ("The very fact of a parallel criminal proceeding, however, d[oes] not alone undercut [a claimant's] privilege against self-incrimination, even though the pendency of the criminal action forced [her] to choose between preserving [her] privilege against self-incrimination and losing the civil suit.")).

6

"The Eleventh Circuit has articulated a narrow set circumstances which require that a stay be granted." *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC,* 2009 WL 2589116, at *1 (S.D. Fla. Aug. 19, 2009); *see also Court–Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer,* 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009) (identifying "cases from outside this jurisdiction which utilize more lenient standards for staying civil proceedings when there is a pending criminal proceeding against the same defendant"). Courts in our circuit must consider "whether a defendant in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings.'" *Shell Oil Co.,* 866 F. Supp. at 540 (quoting *Pervis v. State Farm Fire & Casualty Co.,* 901 F.2d 944 (11th Cir. 1990)).

"[T]he mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at [an early] point in the proceeding." *Lauer,* 2009 WL 800144, at *3. Rather, "[t]he law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces *certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." *Lauer,* 2009 WL 800144, at *2 (emphasis added); *United States v. Premises Located at Route 13,* 946 F.2d 749, 756 (11th Cir. 1991) ("[T]he invocation of the privilege must result in an adverse judgment, not merely the loss of his most effective defense.") (quotation omitted).

7

Here, Plaintiffs have not met the Eleventh Circuit standard to justify a blanket stay of the entire action in light of a related criminal proceeding. Nor have Plaintiffs established that they would suffer "certain loss" should their motion be denied. *See Lauer,* 2009 WL 800144, at *2. Plaintiffs have also failed to show that there is a significant factual overlap between the civil and criminal proceedings. And even if Plaintiffs could make that showing, Plaintiffs make no mention as to how the criminal proceedings would affect a civil action that is at the early stages of litigation. *See Global Aerospace,* 2009 WL 2589116, at *1 (finding that, at early stage in proceedings, argument that factual overlap between the civil and criminal cases would require abrogation of the movant's Fifth Amendment privilege was too broad and, therefore, "akin to a 'blanket' assertion").

To be clear, the mere possibility of a disadvantage in a civil action is insufficient to justify a stay. A stay is primarily granted when it appears that because of the invocation of the privilege against self-incrimination that it will result in a certain loss by automatic summary judgment. *See, e.g., Lauer,* 2009 WL 800144, at *3 ("If at a later stage when the record is more fully developed, after Movants' have asserted their defenses to the SAC and actually invoked their Fifth Amendment privilege in response to particular discovery requests or questions, and if it appears that because of the invocation of their privilege against self-incrimination it will result in a certain loss by automatic summary judgment, Movants may reassert their motions to stay."). Plaintiffs never explain how the

8

denial of a stay would result in automatic summary judgment especially since this action is in its infancy.  In sum, Plaintiffs' Motion must be **DENIED** because Plaintiffs have failed to demonstrate 1) how there is a significant factual overlap between the civil and criminal actions, (2) how a denial would result in automatic summary judgment in favor of Defendants, or (3) how a stay would not prejudice Defendants in connection with a potentially infinite delay.[4]

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion to stay, or alternatively for an extension of time to respond to written discovery, is **DENIED**.  Plaintiffs are compelled to respond to Defendants' written discovery requests within five (5) days from the date of this Order and to attend their currently scheduled depositions in August 2017 to the extent that the timing of the depositions do not disrupt the dates for Plaintiffs' criminal trial.

---

[4] A separate reason why Plaintiffs' Motion must be denied is because Plaintiffs have presented no valid justification for a stay when they knew that the criminal proceedings against Plaintiff Ortiz would result in a trial in August 2017.  The facts presented suggest that Plaintiffs knew of the criminal proceedings well in advance of the Joint Scheduling Report when Plaintiffs agreed to the dates in this action.  Moreover, Plaintiffs' timing for filing their Motion on July 6, 2017 is perplexing because Plaintiffs did so only after they finished the deposition of Defendant Hossain and after they completed all of their discovery.  In other words, Plaintiffs sought relief only after Defendants submitted responses to written discovery and produced their witnesses for deposition.  Plaintiffs never explain the timing of their actions and do not rebut Defendants' accusations that Plaintiffs are attempting to use this Motion as both a sword and a shield.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of August, 2017.[5]

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[5] Nothing in this Order precludes Plaintiffs from exercising their Fifth Amendment Rights to a particular request that directly implicates a tangible threat of self-incrimination.