UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20169-CIV-EGT

[CONSENT CASE]

| | |
|---|---|
| KATHERINE MITCHELL CRUZ ORTIZ, JOISELYN C ROBLETO, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, MOHAMMED HOSSAIN, | ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ'S MOTION TO VOLUNTARILY DISMISS HER CLAIMS WITHOUT PREJUDICE**

COMES NOW the Plaintiff, KATHERINE MITCHELL CRUZ ORTIZ ("Plaintiff Ortiz"), by and through counsel, and hereby files the above-described Motion and in support therefore states at follows:

1. On July 6, 2017, Plaintiffs filed their Motion to Stay the Case and, in the alternative, Plaintiff's Motion for Extension of Time to Respond to Defendants' Written Discovery. [DE22]. As set forth therein, Plaintiffs explained that Defendants have filed charges against Plaintiff Ortiz of a criminal nature and explained that a stay would be necessary on the grounds that a stay of this civil action is necessary to protect both Plaintiffs' Fifth Amendment Rights in connection with said criminal proceeding as Plaintiff Ortiz is a party-defendant and Plaintiff Robleto is a potential non-party witness.

1

2. At the time of the filing of the Joint Scheduling Report [DE17], the undersigned Firm had not been in contact with Plaintiff Ortiz's public defender and was not knowledgeable of the scope of the charges against Plaintiff Ortiz or the potential adverse effect sworn statements in the civil proceeding could have on the attendance criminal proceeding.

3. Defendants' Third Affirmative Defense [DE9] alleges that "Plaintiff is not entitled to be compensated for time which is not "work time" under the Portal to Portal Act, including but not limited to the time spent engaged in conversion or in a conspiracy to convert corporate funds and credit for her own benefit or for the benefit of others." *See also,* [DE9, Second, Sixth, and Seventh Affirmative Defenses]. Defendants questioning of Plaintiff Ortiz at her deposition and her responses to written discovery will undoubtedly delve into issues related to the attendant criminal proceedings and Plaintiff Ortiz being required to respond to same will without a doubt greatly prejudice Plaintiff Ortiz's inability to meaningfully prosecute this civil action if forced to proceed prior to the resolution of the criminal proceedings. Based on the Affirmative Defenses raised by Defendants in [DE9], it is impossible to envision how adjudication of the case at bar would not implicate many of the factual issues underlying the criminal action as there clearly is significant overlap of the facts which must be proven in the civil case and the criminal proceedings. *Gonzalez v. Israel,* 2015 U.S. Dist. LEXIS 89163 (S.D. Fla. 2015); *See also, SEC v. Healthsouth Corp.,* 261 F. Supp. 2d 1298 ) N.D. Ala. 2003).

4. Plaintiff Ortiz will be greatly prejudiced by her inability to meaningfully prosecute this civil action if forced to proceed prior to the resolution of the criminal proceedings. *See, Coley v. Lucas Cty., Ohio,* Case No. 3:09-CV-0008, 2011 WL 5838190, at *2 (N.D. Ohio

Nov. 18, 2011) (Armstrong, M.J.); McCullaugh v. Krendick, Case No. 5:07-CV-2341, 2009WL 2929306, at *1 (N.D. Ohio Sept. 9, 2009) (citations omitted).

5. The Court has denied Plaintiffs' Motion [DE30] and Ordered Plaintiffs to serve their responses to Defendants' written discovery within five (5) days from the date of the Court's Order.

6. Plaintiff Ortiz has now been forced to choose between abandoning the opportunity to prosecute the civil action and "courting liability in the criminal case" by waiving their Fifth Amendment rights. *See, Jones v. Conte,* No. C 04-5312 SI, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005).

7. Therefore, Plaintiff KATHERINE MITCHELL CRUZ ORTIZ respectfully moves to voluntarily dismiss her claims against all Defendants, N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, and MOHAMMED HOSSAIN, **WITHOUT** prejudice, brought in the above-captioned lawsuit and for each side to bear their own fees and costs as to only Plaintiff KATHERINE MITCHELL CRUZ ORTIZ.  The dismissal concerns only the claims of Plaintiff KATHERINE MITCHELL CRUZ ORTIZ, and does not concern the claims of any remaining Plaintiff in this action. This dismissal is made upon consultation with the undersigned counsel and with Plaintiff Ortiz's counsel for the attendant criminal proceedings.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure Rule 41(a)(2) states as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Plaintiff Ortiz's moves for a voluntary dismissal **WITHOUT** prejudice.[1]

WHEREFORE PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ RESPECTFULLY MOVES TO VOLUNTARILY DISMISS HER CLAIMS AGAINST ALL DEFENDANTS, N.H. INC. A/K/A MERIDIAN FOOD MARKET/MONEY GRAM, AND MOHAMMED HOSSAIN, **WITHOUT** PREJUDICE, BROUGHT IN THE ABOVE-CAPTIONED LAWSUIT AND FOR EACH SIDE TO BEAR THEIR OWN FEES AND COSTS AS TO ONLY PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ.  THE DISMISSAL CONCERNS ONLY THE CLAIMS OF PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ, AND DOES NOT CONCERN THE CLAIMS OF ANY REMAINING PLAINTIFF IN THIS ACTION.[2]

## CERTIFICATE OF CONFERRAL

Defense counsel Mrs. Langbein, Esq., has advised that she cannot confer with her clients until later this month as she has represented that they are out of the country.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

---

[1] Should the Court determine the Plaintiff can only dismiss her claims "with" prejudice in the case at bar, Plaintiff would agree to same.  However, Plaintiff would agree to a claim "with" prejudice only if the Court finds such is necessary in the case at bar and that dismissal of such would be the only dismissal relief available.

[2] If the Court determines that all relief requested herein in the instant Motion, the undersigned Firm respectfully requests five (5) days from the Court's Order to file their Motion to Withdraw as the undersigned Firm cannot prosecute Plaintiff Ortiz's claims under these circumstances.

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 8/7/17 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:___/s/___Rivkah Jaff_____**
**RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20169-CIV-EGT

[CONSENT CASE]

| | |
|---|---|
| KATHERINE MITCHELL CRUZ ORTIZ, JOISELYN C ROBLETO, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, MOHAMMED HOSSAIN, | ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## ORDER GRANTING PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ'S MOTION TO VOLUNTARILY DISMISS HER CLAIMS WITHOUT PREJUDICE

Having reviewed the Plaintiff KATHERINE MITCHELL CRUZ ORTIZ's above-described motion, it is ORDERED and ADJUDGED that the motion is GRANTED, and therefore:

Plaintiff KATHERINE MITCHELL CRUZ ORTIZ's claim is dismissed as against all Defendants, N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, and MOHAMMED HOSSAIN, **WITHOUT** prejudice, regarding the above-captioned lawsuit and each side shall bear their own fees and costs as to only Plaintiff KATHERINE MITCHELL CRUZ ORTIZ.  The dismissal concerns only the claims of Plaintiff KATHERINE MITCHELL CRUZ ORTIZ, and does not concern the claims of any remaining Plaintiff in this action.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this _____ day of _____ 2017.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record