UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20169-CIV-EGT

[CONSENT CASE]

KATHERINE MITCHELL CRUZ ORTIZ,　　)
JOISELYN C ROBLETO, and all others　　　)
similarly situated under 29 U.S.C. 216(b),　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
N.H. INC. a/k/a MERIDIAN FOOD　　　　　)
MARKET/MONEY GRAM,　　　　　　　　)
MOHAMMED HOSSAIN,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　　)
_____)

**<u>PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ'S REPLY TO [DE35]</u>**

COMES NOW the Plaintiff, KATHERINE MITCHELL CRUZ ORTIZ ("Plaintiff

Ortiz"), by and through counsel, and hereby Replies to Defendants' Opposition to Plaintiff

Ortiz's Motion to Voluntarily Dismiss Her Claims Without Prejudice, filed by Defendants as

[DE35], and in support thereof states as follows:

1. At the time that Plaintiff Ortiz initiated the instant lawsuit, the Plaintiff and the

undersigned did not know that criminal charges had been brought against Plaintiff Ortiz

but rather same were only made aware of same at a later date.[1] Further, at the time of the

initiation of the lawsuit, and including the time of the filing of the Joint Scheduling

Report, Plaintiff Ortiz did not have criminal defense counsel and Plaintiff nor was the

---

[1] Plaintiff's counsel only became aware of the arrest and charges brought against Plaintiff Ortiz during the conferral process while drafting the Joint Scheduling Report per the Court's Order [DE15], Federal Rule of Civil Procedure 26(f), and Southern District of Florida Local Rule 16.1.

undersigned aware of any restrictions that would be needed in order for her to defend herself against said criminal charges.

2. Plaintiff Ortiz retained a criminal attorney, assigned to her by the Public Defender's Office and, as per the advice of criminal defense counsel, a stay of this case would be necessary on the grounds that a stay of this civil action is necessary to protect Plaintiff Ortiz's Fifth Amendment Rights in connection with said criminal proceeding as Plaintiff Ortiz is a party-defendant. As the Court denied Plaintiffs' Motion to Stay [DE22], Plaintiff Ortiz has been forced to choose between abandoning the opportunity to prosecute the civil action and "courting liability in the criminal case" by waiving their Fifth Amendment rights, resulting in the instant Motion. *See, Jones v. Conte,* No. C 04-5312 SI, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005). Overtime wage claims cannot be abridged by contract or otherwise waived by the employee. *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728 (U.S. 1981)*; See also, Baker et.al. v. Barnard Construction Co. et.al.,* 146 F.3d 1214 (10th Cir. 1998). However, Plaintiff Ortiz is now placed in a position requiring that she waive same.

3. In light of the criminal proceedings and Defendants' Affirmative Defenses[2], it is certain that the scope of Defendants' questioning of Plaintiff Ortiz will delve into issues related to the criminal proceedings and Plaintiff Ortiz, by having to respond to same, will greatly prejudice her ability to meaningfully defend herself in the criminal matter. Additionally, Plaintiff's Ortiz's criminal counsel has warned of the potential adverse effect that sworn

---

[2] Defendants' Third Affirmative Defense [DE9] alleges that "Plaintiff is not entitled to be compensated for time which is not "work time" under the Portal to Portal Act, including but not limited to the time spent engaged in conversion or in a conspiracy to convert corporate funds and credit for her own benefit or for the benefit of others." *See also,* [DE9, Second, Sixth, and Seventh Affirmative Defenses].

statements in the civil proceeding will likely have on the criminal proceeding. The foregoing instructions from Plaintiff Ortiz's criminal defense attorney have made it impractical to prosecute the case at bar as well as preventing Plaintiff Ortiz from responding to written discovery.[3]

4. Based on the Affirmative Defenses raised by Defendants in [DE9] and Defense counsel's threats to seek an adverse inference at trial when Plaintiff Ortiz raises her Fifth Amendment right to all discovery questions as per Plaintiff's criminal defense attorney's advice has resulted in the filing of Plaintiff's Motion to Voluntarily Dismiss Her Claims Without Prejudice. *See, Gonzalez v. Israel,* 2015 U.S. Dist. LEXIS 89163 (S.D. Fla. 2015); *See also, SEC v. Healthsouth Corp.,* 261 F. Supp. 2d 1298 ) N.D. Ala. 2003).

5. Further, the undersigned Firm is unable to prosecute Plaintiff Ortiz's claims in light of the restrictions placed on Plaintiff Ortiz as per her criminal defense attorney.

6. Defendants should not be permitted to impose conditions upon Plaintiff for her request to dismiss this case without prejudice by using the prosecution of the civil action solely to obtain an advantage in the criminal action.[4] *See also,* Rule 41(a)(2).

---

[3] It is ironic that the greatest concern for Defense counsel and her client is solely based on the alleged monetary losses.

[4] *See also,* Model Rules of Professional Conduct Ethical Consideration 7-21 of the Model Code which stated as follows: "The civil adjudicative process is primarily designed for the settlement of disputes between parties, while the criminal process is designed for the protection of society as a whole. Threatening to use, or using, the criminal process to coerce adjustment of private civil claims or controversies is a subversion of that process; further, the person against whom the criminal process is so misused may be deterred from asserting his legal rights and thus the usefulness of the civil process in settling private disputes is impaired. As in all cases of abuse of judicial process, the improper use of criminal process tends to diminish public confidence in our legal system." The Model Code was withdrawn in 1983 and was replaced by the ABA Model Rules of Professional Conduct. The ABA Commission that formulated the Model Rules (Kutak Commission) did not carry forward the DR 7-105 prohibition into the Model Rules. *See also,* Model Rules of Professional Conduct Rule 8.4; 4.1; 4.4; and 3.1.

7.  Defendants have not incurred significant expenses in responding to the Complaint. To date, Trial has not yet started, no pretrial motions have been filed, and the case is still in its preliminary stages with regards to discovery. *See also, Pittsburgh Jaycees v. U.S. Jaycees,* 89 F.R.D. 454, 455 (W.D. Pa. 1981) ("The comparative hardships of the parties are to be weighed in determining what conditions are to be imposed."). Further, Defendants will suffer no legal detriment if Plaintiff Ortiz's claims are dismissed without prejudice. Defendants would have had to appear for depositions as Noticed by co-Plaintiff Robleto.  Further, Defendants would have had to respond to written discovery in relation to co-Plaintiff Robleto. *See also, Burnette v. Godshall,* 828 F. Supp. 1439, 1444 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.,* 72 F.3d 766 (9th Cir. 1995) ("[T]he district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co.,* 781 F.2d 855, 857 (11th Cir.1986).).

8.  Defendants' position that Plaintiff Ortiz waived all objections which could have been raised to written discovery requests by allegedly failing to timely serve responses is without merit and belied by the fact that Plaintiffs timely filed their Motion for Enlargement of Time [DE22] and the Court Ordered Plaintiffs to serve their responses to Defendants' written discovery within five (5) days from the date of the Court's Order. The Court did not Order than Plaintiff's objections had been waived; Defendants' counsel is not Judge and Jury in the instant action.

9.  Should Defendants wish to continue with the deposition of Plaintiff Ortiz, Defendants will have to coordinate same with her current criminal counsel and should otherwise be

prohibited from using this civil action in order to gain an advantage in the criminal matter.

WHEREFORE PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ RESPECTFULLY MOVES TO VOLUNTARILY DISMISS HER CLAIMS AGAINST ALL DEFENDANTS, N.H. INC. A/K/A MERIDIAN FOOD MARKET/MONEY GRAM, AND MOHAMMED HOSSAIN, **WITHOUT** PREJUDICE, BROUGHT IN THE ABOVE-CAPTIONED LAWSUIT AND FOR EACH SIDE TO BEAR THEIR OWN FEES AND COSTS AS TO ONLY PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ.  THE DISMISSAL CONCERNS ONLY THE CLAIMS OF PLAINTIFF KATHERINE MITCHELL CRUZ ORTIZ, AND DOES NOT CONCERN THE CLAIMS OF ANY REMAINING PLAINTIFF IN THIS ACTION.[5] PLAINTIFF ALSO RESPECTFULLY REQUEST THE COURT TO TOLL THE APPLICABLE STATUTE OF LIMITATIONS FOR TWELVE (12) MONTHS TO ALLOW PLAINTIFF ORTIZ'S CRIMINAL CASE TO BE CONCLUDED IN CASE SHE WISHES TO REFILE THE INSTANT MATTER.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

---

[5] If the Court determines that all relief requested herein in the instant Motion, the undersigned Firm respectfully requests five (5) days from the Court's Order to file their Motion to Withdraw as the undersigned Firm cannot prosecute Plaintiff Ortiz's claims under these circumstances. ""Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985))." *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, 2009 U.S. Dist. LEXIS 34446 (M.D. Fla. Mar. 31, 2009).

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS SENT VIA CM/ECF ON 8/15/17 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**
**EMAIL: LANGBEINPA@BELLSOUTH.NET**

**BY:___/s/___Rivkah Jaff_____**
**RIVKAH JAFF, ESQ.**

6