UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 17-20169-cv-TORRES

KATHERINE MITCHELL CRUZ ORTIZ and
JOISELYN ROBLETO,

    Plaintiff,

v.                                                           CONSENT

N.H, INC. and
MOHAMMED S. HOSSAIN,

    Defendants.
_____/

**DEFENDANTS' VERIFIED MOTION FOR EXPEDITED ISSUANCE OF RULE TO SHOW CAUSE WHY PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF COURT ORDERS**

Defendants, NH, INC. ("NH") and MOHAMMED S. HOSSAIN ("HOSSAIN"), through undersigned counsel, and pursuant to the Court's inherent authority move the Court for an expedited issuance of a rule to show cause why Plaintiffs and their counsel ("Plaintiff's Counsel") ought not to be held in civil contempt and subject to all or some of the sanctions listed in Rule 37(b)(2) and 37(c) and as grounds for the relief sought state:

1.     This Court denied Plaintiffs' Motion for Stay and for an Extension of Discovery on 8/2/17. [DE 30]. The Court ordered that Plaintiffs were "compelled to respond to Defendants' written discovery requests ***within five (5) days from the date of this Order*** and to attend their currently scheduled depositions in August 2017 to the extent that the timing of the depositions do not disrupt the dates for Plaintiffs' criminal trial."

2. Plaintiff ORTIZ wholly failed to comply with the Court's 8/2/17 order. She neither served responses to Defendants' Interrogatories nor to their Requests for Production ("RFPs") on or before 8/8/17. As of the date of this Motion, ORTIZ has not complied with the Court's orders.

3. On 8/7/17, Plaintiff ROBLETO served responses to Defendants' RFPs and Interrogatory answers. See Exhibit "A" attached. Despite that she had waived all objections by her failure to respond to the requests within thirty (30) days of their service and the Court's orders requiring her to ***respond***, ROBLETO raised frivolous objections, and refused to respond, to fourteen (14) RFPs and gave inadequate responses to eight (8) other RFP's. [1] ROBLETO also objected to and refused to respond to six Interrogatories and gave inadequate answers to others. ROBLETO and her counsel not only disobeyed this Court's orders but knew that the objections they were raising were frivolous when made *because Defendants referenced an order issued by former Magistrate Judge Rosenbaum's* [DE 40] in Bellosa v. Universal Tile Restoration, Inc. USDC Case 08-60054-cv-DIMITROULEAS in the RFPs. Judge Rosenbaum's order compelled the production and disclosure of information and documents to the same discovery requests in another case. [2]

---

[1] ROBLETO coyly responded "None" without stating whether such documents-- even if not in her possession-- were within her possession or control. For example, ROBLETO is clearly in control of her telephone and the text messages on it. If those text messages were deleted after this lawsuit was brought, then she has engaged in spoliation of evidence.

[2] Plaintiff's Counsel raises the same objections to these discovery requests in every case which is the reason why Defendants referenced Judge Rosenbaum's order in the discovery requests. Plaintiff's Counsel has been advised of by defense counsel of the rationales underlying the need for the information and documents in numerous prior

4. The docket in ORTIZ's criminal case shows that she is not currently incarcerated. See Exhibit "B." ROBLETO is not currently charged with a crime and there is no evidence which supports her inability to respond to discovery ***since she served incomplete responses to Defendants' RFP's and Interrogatories and asserted frivolous objections.***

5. If the Court's 8/2/17 order was unclear in any respect, the Court affirmed its directive for Plaintiffs to ***respond*** to Defendants' written discovery requests in the 8/7/17 order granting Defendants' Motion to Compel. [DE 33]. The Motion to Compel requested the Court to find that Plaintiff's untimely failure to respond to the discovery requests waived all objections, except for attorney-client and work product privileges and 5th Amendment privileges. Neither Plaintiffs or their Counsel sought clarification of either Court order, proving they understood the import of the word "produce."

5. On August 11, 2017, defense counsel sent an email to Rivkah Jaff, Esq. and Neil Tobak, Esq., attorneys for the Plaintiffs, regarding the apparently violation of the Court's two orders. Plaintiffs' Counsel responded that they considered that ROBLETO had fully complied with the Court's order and sought to "confer" regarding the RFPs and Interrogatories to which they had raised objections. Plaintiffs' Counsel offered no explanation why ORTIZ wholly failed to comply with the Court's orders other than she had filed a request for voluntary dismissal that same day. See Exhibit "C".

---

cases, including within the last month in relation to another case. See email included in Exhibit "C" attached re prior discovery disputes on the same written requests.

3. Additional proof of conferral is shown by the following:

   a) On 8/14/17, defense counsel conferred with Plaintiff's Counsel in person regarding Plaintiffs' intent to comply with the Court's orders. [3]

   b) On 8/15/17, counsel for the parties discussed conferral. Plaintiff's Counsel's response and defense counsel's reply are attached as part of Exhibit "C".

4. Plaintiffs and Plaintiff's Counsel's ongoing strategic refusal to respond to Defendants' discovery requests **_and to disobey clearly worded and lawfully issued Court orders_** is willful, obstructive, and contemptuous. Plaintiffs and Plaintiff's Counsel's intent is to continue to hamper Defendants' ability to defend themselves and prevent Defendants from obtaining the information and documents which are necessary to conduct Plaintiffs' depositions on August 23 and 24th, 2017. Their strategy includes an attempt to "run out the clock" so Defendants will not have enough time to complete discovery. (The current trial order sets the discovery cut-off as 11/1/17

5. While the Court denied Defendants' previous requests for sanctions, there now is clear and convincing evidence that Plaintiffs and Plaintiff's Counsel willfully and knowingly violated the Court's 8/2/17 and 8/7/17 orders. Plaintiff's Counsel is culpable because it actively participated in the continuing design to evade and delay discovery by raising frivolous objections in, and providing incomplete responses to, ROBLETO's other RFP responses and Interrogatory answers and by twice counseling ORTIZ not to respond to valid discovery requests despite an

---

[3] Plaintiff's Counsel's email requesting to "confer" on each of their objections is simply another attempt to delay and obstruct discovery in this case when it was evident that failure to timely respond to Defendants' discovery requests waived any objections.

obligation to do so under the Rules and two Court orders. Plaintiff's and Plaintiff's Counsel's willful disregard of the Court's authority is sanctionable.

Background to Motion

As noted in Defendants' Motion to Compel, N.H. INC. operates a small grocery store located on Meridian Avenue in South Beach. Both Plaintiffs worked as cash checking clerks. They simultaneously resigned their positions on 1/9/17 and instituted this lawsuit on 1/13/17. [DE 1]. Both Plaintiffs allege in their Statement of Claims that they worked 60 hours each and every week, twenty of which were "off the clock." Their time cards and paychecks, on the other hand, show a normal work schedule of 37-40 hours each week. [4]

Plaintiffs initiated discovery by serving Requests for Admissions, Requests for Production and Interrogatories on Defendants. Defendants responded to Plaintiffs' requests on 6/7/17. Plaintiffs scheduled and took Mr. Hossain's deposition (individually and as Rule 30(b)(6) corporate representative ) on ***7/5/17***. CRUZ attended Mr. Hossain's deposition. [5] Plaintiffs' depositions are set for August 23 and 24th, 2017.

***On 8/14/17***, Plaintiffs continued their discovery by taking the depositions of two former managerial level employees and one of their former co-workers. Each testified that Defendants required employees to clock in and out on timecards; an FLSA poster was posted in the store; no employees were allowed to work off the clock; no employees

---

[4] Plaintiffs continue to assert that they are seeking back wages through 2012 although Plaintiff's Counsel is certainly aware that the maximum Statute of Limitations under the FLSA is 3 years, limiting their claim back to 1/13/14 at the farthest.

[5] ORTIZ attended Mr. Hossain's deposition but was intentionally introduced by Plaintiff's Counsel as "Ms. Robleto" in an effort to fool Mr. Hossain.

were paid in cash; employees had access to their time cards to review their hours; employees signed their time cards at the end of each work week and could bring pay issues to a manager's attention; and neither Plaintiff ever complained about missing hours or pay.

## Memorandum of Law

Courts have the inherent authority to enforce their own orders by the exercise of contempt powers. Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing Shillitani v. United States, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966). The party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 814, 821 (11th Cir. 2010); McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000); Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1525 (11th Cir. 1992). Where a party violates, disobeys, or otherwise ignores a valid court order, that party may be subject to being held in contempt of court and have fines, fees, and costs assessed against them. See Brother v. BFP Invs., Ltd., 2010 U.S. Dist. LEXIS 74861 (S.D. Fla. 2010), cited in Tracfone Wireless, Inc. v. Holden Property Services, LLC, 103 F. Supp. 3d 1357 (S.D. Fla. 2015).

Additionally, Rule 37(2) lists a variety of other relief a court may order to address violations of a discovery order, including:

(i) directing that the matters embrace in the order or other designated facts be taken as established;

(ii) prohibiting the disobedient party from supporting or opposing designated

claims and defenses or from introducing designated matters in evidence;

   (iii)   Striking pleadings in whole or part;

   (iv)   staying further proceedings until the order is obeyed;

   (v)    dismissing the action or proceeding in whole or in part;

   (vi)   rendering a default judgment against the disobedient party; or

   (vii)  treating as contempt of court the failure to obey any order except an order to subject to a physical or mental examination.

Rule 37(c) permits the Court instead of, or in addition to, the orders for relief stated above, to order the disobedient party, the attorney advising that party or both to pay reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The movant must demonstrate that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." Id.  Once the movant satisfies this burden, the burden then shifts to the alleged contemnor to explain his noncompliance at a show cause hearing before the District Court." Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998). That burden is easily met here.

It is unquestionable that the Court's 8/2/17 and 8/7/17 orders were validly and lawfully issued pursuant to Rule 37.  The Court's orders were clear and unambiguous. The Court considered the grounds for Defendants' Motion to Compel, including the argument that Plaintiffs' failure to timely respond to the written discovery requests constituted a waiver of all objections, with the exception of the attorney client and work product privileges and the 5th Amendment.  The Court explicitly ordered each Plaintiff to

"***respond***" to ***all*** written discovery requests and do to so within five (5) days of the order. The Court's 8/7/17 order used the exact same language. The word "respond" signifies that a party is to give a written or verbal answer to a question or request. Objections, on the other hand, are non-responsive. The 8/2/17 order explicitly allowed Plaintiffs to raise ***only*** the 5th Amendment as an objection and no more. Plaintiffs did not request clarification of either of the orders.

Plaintiffs did not lack the ability to comply with the order. ORTIZ is not and was not incarcerated at the time her responses were due. ROBLETO showed her ability to comply with the Court's order because she *actually served a response* to Defendants' RFP and Interrogatories, albeit non-compliant responses. And, even while Plaintiffs willfully refuse to make discovery, they still demand discovery from Defendants by taking depositions. They continue to use discovery as a sword and a shield. See FN 4 in the Court's 8/2/17 order.

Initially, Plaintiffs altogether refused to answer Defendants' valid written discovery requests. When relief was sought from the Court, Plaintiffs then defied two separate unambiguous court orders requiring their compliance with discovery. As shown by the email exchanged between counsel, Plaintiffs' Counsel was complicit in defying the Court's orders by engineering a Motion for Voluntary Dismissal with the idea that ORTIZ would then be exempt from compliance with the Court's two orders. They also raised and defended frivolous objections (when none were allowed) and incomplete responses from ROBLETO. [6] It continued to engineer its clients' obstruction and delay of the orderly

---

[6] Plaintiff's Counsel knew that Defendants would be forced to file a Motion for Rule to Show Cause to seek compliance with the Court's orders. It strategized that the time it would take to fully brief this motion would effectively staunch Defendants' ability to

process of discovery -- despite that its Motions for Stay and for Extension of Discovery were ***denied.***

Nor can Plaintiffs justify their refusal to obey the Court's orders on jeopardy to their constitutional rights when the Court specifically noted that an option was to respond and assert the 5th Amendment.   ORTIZ's complete failure to respond to the Court's orders now constitutes a waiver of any claim that she did not have the ability to comply.  <u>Tracfone v. Wireless, Inc. v. Holden Property Services, LLC,</u> *supra.*  ROBLETO's "responses" to Defendants RFP's and Interrogatories should likewise be treated as a waiver of any claim that she did not have the ability to respond ***fully*** to all written requests.  It is not sufficient that a party has made "some effort" to defeat the imposition of sanctions.  <u>Pesaplastic, C.A. v. Cincinnati Milacron Company,</u>  799 F.2d 1510 (11th  Cir. 1986) citing <u>United States v. Rizzo</u>, 539 F.2d 458 (5th Cir.1976).

Finally, ROBLETO's Interrogatory answers are translated *by a staff member of Plaintiff's Counsel's law firm*.  Ms. Waller is not a court certified interpreter or as someone who otherwise meets the requirements of Fed.R.Evid. Rules 604 and 901.  See <u>Cruz v. Aramark Services, Inc</u>., 213 Fed. Appx. 329 (5th Cir. 2007); <u>Miranda v. Sweet Dixie Melon Company,</u> 2009 U.S. Dist. LEXIS 40343,(M.D. Ga. 2009) and cases cited therein, and <u>Jack v. Trans World Airlines, Inc</u>., 854 F.Supp. 654, 659 (N.D. Ca. 1994).  Plaintiff's Counsel is aware translation by a non-certified interpreter is improper but continue to assert there is no "authority" that requires such formality.  See 9/26/16 email exchange in Exhibit "C" dealing with prior cases.  The lack of translation by a court certified interpreter

---

obtain the requested documents and information in advance of Plaintiff's' respective depositions.

nullifies and invalidates ROBLETO's Interrogatory answers.  ROBLETO's interrogatory responses, therefore, should be treated as if she has not answered at all.

In view of the upcoming depositions of the Plaintiffs, Defendants respectfully request the following expedited relief:

1) The Court hold an expedited hearing on Defendants' Motion for Rule to Show Cause;

2) Plaintiffs and their Counsel be held in contempt of court.  Plaintiff should be ordered to produce all documents and respond to all Interrogatories **_no later than five days prior_** to their respective depositions and failing that, their claims be dismissed with prejudice;

3) As an alternative to dismissal, the Court find as established that Defendants acted in good faith, did not act willfully, the appropriate Statute of Limitations is two years and that liquidated damages will not be imposed; and,

4) That Plaintiffs and their Plaintiff's Counsel, jointly and severally, be held responsible for payment of Defendants' reasonable attorney's fees and expenses in obtaining compliance with discovery and the Court's orders. Should Plaintiffs refuse to pay reasonable attorney's fees and costs, the amount determined by the Court be deducted from any damages they might recover at trial.

Finally, Defendants respectfully request that the Court admonish Plaintiffs that their failure to comply with the Court's 8/3/17 and 8/7/13 orders, as it is anticipated the Court will order, will result in their incarceration.  Tracfone v. Wireless, Inc. v. Holden Property Services, LLC, *supra.*

WHEREFORE, Defendants respectfully request the Court to grant the relief sought

in the motion in its entirety.

MY SIGNATURE BELOW CONSTITUTES A VERIFICATION THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, RECOLLECTION AND BELIEF.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A
Counsel for the Defendants
8181 NW 154 St., Suite 105
Miami Lakes, FL. 33016
Ph: 305-556-3663
Fx: 305-556-3647
Email: langbeinpa@bellsouth.net

By: /s/ Leslie W. Langbein
Fla. Bar. No. 305391

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 8/16/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list.

By: /s/ Leslie W. Langbein
FBN 305391

## **SERVICE LIST**

J.H. ZIDELL, P.A.
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com