IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 17-20169-cv-TORRES

KATHERINE MITCHELL CRUZ,
JOISELYN ROBLETO and all
others similarly situated,

    Plaintiffs,

v.                                                       CONSENT CASE

N.H., INC. d/b/a MERIDIAN FOOD MONEY
MARKET GRAM and
MOHAMMED HOSSAIN,

    Defendants.
_____/

<u>DEFENDANTS' OPPOSITION TO ROBLETO's MOTION
FOR DISMISSAL WITHOUT PREJUDICE</u>

Defendants, N.H., INC. and MOHAMMED S. HOSSAIN, in response to ROBLETO's Motion to Dismiss without Prejudice ("the Motion"), files the following opposition:

1.     Defendants have spent considerable attorney's fees and costs defending ROBLETO's claim. ROBLETO served Defendants with discovery requests which were answered. She also took Defendants' depositions. She and her co-plaintiff filed a Motion to Disqualify Defendants' counsel and a Motion for Sanctions, both of which are now pending. Moreover, ROBLETO unjustifiably refused to respond to Defendants' written discovery requests which forced Defendants to draft and file a Motion to Compel -- which she opposed. The Court *granted* Defendants' Motion to Compel and ordered ROBLETO to *respond* to Defendants' written discovery requests and appear for her deposition. ROBLETO's responses to written discovery raised frivolous objections (which she had

waived by failing to timely answer) to many requests and Interrogatories and provided incomplete responses to others in disobedience of the Court's 8/3/17 and 8/7/17 orders. As a result of her discovery misconduct, Defendants then were forced to file a Motion for Rule to Show Case against her and her counsel which is now pending (and will be supplemented) .

2.      Worse, ROBLETO refused to appear for her deposition in defiance of the Court's order.  She filed a spurious Motion for Protective Order (based on the purported need to preserve her 5th Amendment rights when she has neither been arrested or faces criminal charges) at the eleventh hour to evade the Court's order.   The Motion for Protective Order was filed so late that Defendants were not even aware of it until the morning of her deposition.  As a result, Defendants incurred attorney's fees and costs preparing for her deposition and also the costs of a court reporter and interpreter who appeared on that morning for her deposition.    Defendants now have spent *even more* attorney's fees drafting responses to her last minute Motion for Protective Order and the Motion.

3.      ROBLETO's argument that she must dismiss because she otherwise would be forced to choose between waiving her 5th Amendment privilege in the pending criminal case against her if she responded to discovery as ordered by the Court is fallacious.  First, (as noted above) ROBLETO has not been arrested or charged with a crime.   Second, as noted in this Court's order denying ORTIZ's Motion to Stay and for Extension of Discovery (and cases cited in Defendants' response to that motion), there is no legal impediment to ROBLETO's assertion of a 5th Amendment privilege to discovery requests and in answer to questions to be posed at her deposition.

4. Third, ROBLETO's request to dismiss ***without prejudice*** is a bald attempt to evade: 1) the Court's discovery orders to provide responses and appear at her deposition; 2) bearing Defendants' costs (and possibly fees) for having to defend her claim, and 3) being held in contempt of court and suffering sanctions for her disobedience of Court orders.  By seeking a voluntary dismissal ***without prejudice*** she also hopes to disassociate herself from ORTIZ whom she has named as a witness but whose criminal prosecution for Grand Theft could be pending at the time of trial. [1]  See Exhibit "A" attached.  ROBLETO's strategic goal is to dismiss this case and then re-file at a more opportune time in the future when she and/or ORTIZ will not have an adverse inference drawn against them for responding to discovery requests and questions at deposition and asserting the 5th Amendment privilege.  Clearly both Plaintiffs depend upon each other to as primary witnesses.

5. Granting ROBLETO's request for entry of an order of voluntary dismissal *without prejudice* (not to mention without any court ordered conditions) is highly inequitable on numerous levels.  ROBLETO intentionally has made Defendants' defense of her claim enormously expensive by filing unnecessary motions, [2] stonewalling of

---

[1] ROBLETO also has named Kaitlin Cabrera Flores as a witness in her case as well. Ms. Flores is a former employee of N.H., Inc. who recently also filed suit for FLSA violations against Defendants.  Ms. Flores case was assigned to Judge Gayles as Case No.. 17-22835.  Since ROBLETO is depending on Ms. Flores to be a witness in her case, she is also a witness in Ms. Flores' case.  ROBLETO will have to appear for deposition in Flores' case even if the Court permits this case to be dismissed.

[2] Plaintiff's Counsel filed two previous Motions to Disqualify Defendants' counsel in other cases.  Judge Otazo-Reyes denied their motion in Lopez-Osorio v. Art Landscaping, Inc., Case 15-20614.  The second motion is pending in Reyes v. Collins & 74th Street, Inc., Case 16-24362-cv-LENARD.  Plaintiff's Counsel took Ms. Langbein's deposition on 8/9/17 in that case and learned there was no factual or legal basis to disqualify Ms. Langbein.

discovery and her disobedience of Court orders. Defendants have had to respond to her Motions to Disqualify and for Sanctions. They have had to file motions to gain her compliance with perfunctory discovery mechanism's which ought not to have necessitated court intervention. A voluntary dismissal with without prejudice would allow her escape the expenses she has caused Defendants to incur; "shop" for a more favorable time to bring her claim and get a "second clean bite at the same apple;" and disadvantage Defendants' from completing their discovery before witnesses, memories and/or evidence (such as cell phone records and text messages) disappear. Finally, it would allow her to escape compliance with this Court's order to make full discovery and sit for a deposition and bear the consequences of her violation of those Court orders.

6. At the very least, Rule 41(a)(2) permits the Court to grant a Motion for Voluntary Dismissal upon terms "that the court considers proper." If the Court determines that ROBLETO's Motion for Voluntary Dismissal is due to be granted, then, at the very least, it should impose conditions which will ensure level the playing field and respect for the Court's orders.

## Memorandum of Law

A court has broad equitable discretion under Rule 41(a)(2) when considering a Motion for Voluntary Dismissal. 'The district court must 'weigh the relevant *equities* and *do justice* between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" [E.S.]. Global Aerospace Inc. v. Platinum Jet Management, LLC, 2011 U.S. Dist. LEXIS 41032 (S.D. Fla. 2011) citing Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1256 (11th Cir. 2001) and McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). In

exercising its discretion, a court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." <u>Fisher v. P.R. Marine Mgmt., Inc</u>., 940 F.2d 1502, 1503 (11th Cir. 1991).   A plaintiff has no entitlement to a voluntary dismissal without prejudice. <u>Id</u>.  Courts have denied motions for voluntary dismissals when the defendants will suffer substantive rights.  <u>Mosley v. JLG Industries</u>, 189 Fed. Appx 874 (11th Cir. 2006).

A  plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule  41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. <u>McCants</u>, *supra* at 860. Assessment of a defendant's costs and fees are a usual condition. <u>Ortega Trujillo v. Banco Central Del Ecuador</u>, 379 F.3d 1298, 1301 (11th Cir. 2004) citing 8-41 Moore's Fed. Pract. -- Civil § 41.40[d][1].   See also <u>Colombrito v. Kelly</u>, 764 F.2d 122, 133 (2d Cir. 1985).

Here, Defendants have incurred considerable time, fees and expenses defending ROBLETO's claim including her unnecessary motions to disqualify Defendants' counsel and for sanctions. They responded to ROBLETO's discovery requests *<u>without the need for judicial intervention.</u>*   ROBLETO took Defendants' depositions *<u>without the need for judicial intervention.</u>*

But when Defendants propounded discovery to ROBLETO, she refused to respond.  Defendants were forced to *<u>seek judicial intervention</u>* and incur fees to file a Motion to Compel.  An order to compel was *<u>granted.</u>*   ROBLETO thumbed her nose at the Court's order and continued to stonewall discovery by raising unauthorized objections and by providing incomplete responses to Defendants' written discovery requests.  To top

it off, she filed an eleventh hour Motion for Protective Order based on the flimsy excuse that she had to protect her 5th Amendment rights and refused to appear for her deposition yesterday-- ***which also was court ordered***   Defendants now have incurred even more attorney's fees and expenses due to her failure to appear and having to file this response. ROBLETO's Motion for Dismissal Without Prejudice can only be described as "chutzpah" 3 :  seeking equity from a Court whose rules and orders she has flagrantly disobeyed.

Unquestionably, if a dismissal without prejudice was granted Defendants also would suffer a loss of their substantive rights to obtain discovery that is vital to their defense.  For example, certain cell phone companies only preserve records of an account holder's calls and text messages for limited periods of time. 4  ROBLETO's cell phone records are necessary to prove Defendants' defense that ROBLETO spent time during work on personal matters.  ROBLETO's cell phone records also would demonstrate the veracity of Plaintiff's claims of working "off the clock."   Most cell phone companies maintain and can provide records showing the nearest cell phone tower that was "pinged" when a person makes or receives a call.   If ROBLETO's cell phone records showed that she was at an entirely different location at the same time she claims to be working "off the

---

3   "Chutzpah" traditionally has been defined as "killing your parents and then seeking the mercy of the Court because you are an orphan."  The word and doctrine has been cited in several federal court opinions, including <u>Chapman v. AI Transport</u>, 229 F. 3d. 1012 (11th Cir. 2000).  It also described Plaintiff's Counsel's cursory and non-compliant motion to withdraw after engineering a strategy to delay and stonewall discovery for months when any conflict they had was apparent from the instant they filed a Joint Scheduling Report.

4   ROBLETO already started to "running the clock" on the availability of her cellphone records by refusing to produce them in response to a Request for Production and then again, in violation of this Court's order to produce the documents Defendants requested. See Defendants' Motion for Rule to Show Cause which is pending.

clock" then that evidence would establish several of Defendants' defenses.  Dismissal of ROBLETO's case without prejudice might result in Defendants' inability to ever obtain that information due to the loss of that data forever.  Defendants also risk the loss of witnesses, documents and memory.   For this reason alone, granting a voluntary dismissal without prejudice works an irreparable injustice for Defendants.    Given the entirety of the circumstances--including willful delay and contumacious conduct -- ROBLETO's case should only be dismissed WITH PREJUDICE.  See <u>Jacobs v. Clayton County Solicitor Gen. Office</u>, 2017 U.S. App  LEXIS 6530 (11th Cir. 4/17/17).

On the other hand, should the Court be inclined to grant the Motion, Defendants request the following conditions be imposed:

1. ROBLETO (and/or her counsel) be required to reimburse Defendants for their reasonable fees and costs in defending ROBLETO's claim and pay the fees and costs within twenty (20) days of the issuance of an order determining the award of fees and costs to Defendants;

2. ROBLETO's voluntary dismissal without prejudice may be referred to at any trial as a basis for impeachment;

3. ROBERTO be required to appear for deposition without subpoena on dates and times solely determined by Defendants if she is named as a witness in ORTIZ's case or in Katlin Flores' case;

4. ROBLETO be required to provide all documents responsive to Defendants' Request for Production (which the Court previously ordered her to produce) within three (3) days of the issuance of an order permitting voluntary dismissal without prejudice.  In the event that ROBLETO re-files her case, she will be deemed to have waived all

objections to discovery requests save attorney-client and work product privileges and 5th Amendment privileges. In the event ROBLETO fails to produce the documents, the Court will allow an adverse inference at trial that the documents would have been detrimental to her case;

     5.    Within three (3) days of the issuance of an order permitting voluntary dismissal without prejudice, ROBLETO be required to disclose the identity of her cell phone service provider during the Relevant Time Period and provide her account number and then cell phone number in a sworn statement so that a Rule 45 subpoena duces tecum can be issued immediately to obtain her cell phone records;

     6.    Within three (3) days of the issuance of an order permitting voluntary dismissal without prejudice, ROBLETO be required to produce her entire tax returns and disclose the identity of banks in which she either was the owner or beneficiary of bank accounts during the Relevant Time Period and provide the account numbers in a sworn statement so that a Rule 45 subpoena duces tecum can be issued to obtain her banking records; and,

     7.    Per Rule 41(b) ROBLETO's failure to abide by any condition imposed by the Court in connection with its approval of her request to voluntarily dismiss her case without prejudice will result Defendants ability to obtain entry of a final judgment in their favor in this matter.

     WHEREFORE, Defendants respectfully request that the Court deny the Motion in its entirety, or alternatively should the Court grant the Motion, that it issue an order adopting the conditions set forth above.

                Respectfully Submitted,

                LANGBEIN & LANGBEIN, P.A
                8181 NW 154 St., Suite 105
                Miami Lakes, FL. 33016
                Ph: 305-556-3663
                Fx: 305-556-3647
                Email: langbeinpa@bellsouth.net

                By: /s/ Leslie W. Langbein
                    FBN 305391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 8/24/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list.

                By: /s/ Leslie W. Langbein
                    Fla. Bar. No.  305391

## SERVICE LIST

J.H. ZIDELL, P.A.
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com