UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 17-20169-cv-TORRES

KATHERINE MITCHELL CRUZ ORTIZ and
JOISELYN ROBLETO,

       Plaintiff,

v.                                               <u>CONSENT</u>

N.H, INC. and
MOHAMMED S. HOSSAIN,

       Defendants.

_____/

**<u>DEFENDANTS' VERIFIED RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS</u>**

      Defendants, NH, INC. ("NH")  and MOHAMMED S. HOSSAIN ("HOSSAIN"),

through undersigned counsel, file this response to Plaintiffs' Motion for Sanctions [1] ("the

Motion") as follows:

<u>Background to Motion</u>

      This is the fifth of six FLSA lawsuit Plaintiff's Counsel has brought against Mr.

Hossain and one of his two Miami Beach grocery stores. [2] Plaintiff's Counsel has taken

---

[1]    There is currently a Motion for Rule to Show Cause pending against ORTIZ for her failure to comply with this Court's order to respond to written discovery requests by 8/7/17. Defense counsel conferred with ORTIZ's counsel on 8/8/17 regarding the disobedience of the Court's order and Defendants' intent to file a Motion for Rule to Show Cause. Plaintiff's Motion was filed the day before Defendants' Motion for Rule to Show Cause as a "preemptive strike."   On 8/21/17 ORTIZ notified defense counsel she intended to disobey the Court's order to appear for her deposition on 8/24/17.  She is hardly in the position to seek sanctions against Defendants.  A supplement to the Motion for Rule to Show Cause is being filed against ROBLETO for her failure to appear at her deposition.

[2]    Collins & 74th Street, Inc., also known as "M & L Market" is located two blocks from Mr. Zidell's office.   N.H. is known as "Meridian Market" and is located on South Beach. Each store employs between 20-30 employees at any given time.   Mr. Hossain testified

Mr. Hossain's deposition twice before, most recently on 5/4/17 in connection with <u>Reyes v. Collins & 74th Street, Inc</u>., USDC Case No. 16-24362-cv-LENARD, another pending FLSA case.   Plaintiff's Counsel refused to stipulate that the <u>Reyes</u> deposition could be used in whole or part in this case although the majority of the issues presented were precisely the same. [3]

Just like here, Plaintiff's Counsel filed a Motion for Sanctions against Mr. Hossain following the completion of his May 4, 2017 deposition in <u>Reyes</u>.  Magistrate Goodman permitted Plaintiff's Counsel to re-take Mr. Hossain's deposition solely on the issue of the legal advice he had received regarding FLSA compliance. [4]   The limited deposition was re-taken on 8/18/17.   Mr. Hossain testified at that deposition that he applied the same legal advice he sought to all of his stores, including N.H., Inc.

---

that he had between 23-24 employees at NH during the Relevant Time Period.   He also operates a dollar store and a laundromat on Miami Beach.  [Hossain Depo, pp. 15:11, 15:23 and 44:21].

[3]     The plaintiffs in all cases that have been brought by Plaintiffs' Counsel against Mr. Hossain make the same allegations:  they worked more hours than shown on their time cards and they were paid for those additional hours in cash.   The good faith defense (among others) has been raised in all of these cases.  <u>Reyes</u> is the first case that Plaintiffs' Counsel has moved to disqualify defense counsel although she has defended four of the prior cases.

[4]     Mr. Hossein testified in <u>Reyes</u> that he first sought legal advice about FLSA compliance somewhere around 2003.    Based on that early advice, he began to:  1) use a time clock and time cards, 2) post an FLSA poster, 3) institute a policy that no one could work until they clocked in and no one could work after clocking out, 4) use paychecks which notified employees of the amount of hours they worked and the calculation of their pay, and 5) pay overtime for all hours over 40 in a work week at a time and a half rate.   He also stopped paying employees in cash and began to verify employees' eligibility to work in the United States.  Mr. Hossein testified at his 8/18/17 deposition in <u>Reyes</u> that he also had sought legal advice regarding FLSA compliance in or around April, 2006.

This is the **_ninth_** 5 Motion for Sanctions Plaintiff's Counsel has filed against defense counsel since losing a trial in September, 2016 which she defended.   Plaintiff's Counsel filed nearly an exact motion against defense counsel in the <u>Reyes</u> case.  Magistrate Judge Goodman considered that motion and denied it.

Each sanctions request will be addressed separately.

The Alleged Rule 30(b)(6) Violations

Notably, while Plaintiffs' Motion cites to Mr. Hossain's deposition transcript, they did not file it.   Defendants do so in connection with their response.  See Exhibit "A." The grounds for Plaintiff's Motion must be considered in the context of the discovery provided by Defendants _prior to Mr. Hossain's deposition_. 6

Defendants served Plaintiffs with their complete personnel files (including I-9 forms and identification) and their time cards and paycheck stubs for the 3-year period preceding the filing of the Complaint as part of Initial Disclosures on 6/7/17.   Defendants identified the names of similarly situated co-workers and the names of managers and the Office Manager in response to Plaintiffs' Interrogatories # 3 and #7 on the same date. See Exhibit "B".   Plaintiffs, therefore, already had most of the information they claim Mr. Hossain was not prepared to provide at Deposition. 7   The Deposition covered much of the same ground as the previous written discovery responses.

---

5   Defense counsel count may be off by a number or two.  She has lost track of the exact number of sanctions motions that have been filed by Plaintiff's Counsel against her since November, 2016.

6   As noted in Plaintiff's Motion, Mr. Hossain appeared individually and as the Rule 30(b)(6) corporate representative.  His depositions were combined. Therefore, the two depositions will be referred to as the "Deposition."

7   Mr. Hossain's deposition in this case was taken on 7/5/17.

Plaintiffs complain that Mr. Hossain answered that he could not "recall" on 60 occasions throughout the Deposition. 8   They do not reveal to the Court that some of those 60 occasions concerned areas entirely *outside the scope* of their Notice of Deposition ("NOD").   The NOD for Mr. Hossain's depositions was not issued duces tecum.   Plaintiff's Counsel brought a stack of documents into Mr. Hossain's Deposition which appeared to be her clients' time cards and paychecks.   The Deposition was taken in Plaintiff's Counsel's office so any documents produced and information provided by Defendants was easily accessible to Plaintiff's Counsel.   Defense counsel also brought Plaintiffs' time cards and paychecks to the deposition for ease of reference.  [Hossain Depo, p. 44: 23-25.].   Mr. Hossain testified that while he was on no medication that affected his memory and he would try to remember "the best that I can."  [ Hossain Depo, p. 9:6-7].

Mr. Hossain had reviewed Plaintiffs' time cards before coming to the Deposition. [Id., p. 41:5-7].  Mr. Hossain did not know what days of the week ORTIZ (referred to as "Cruz" during the Deposition) worked *over the course of her nearly 5 year employment* and Plaintiffs' Counsel *refused* to permit to allow him to review her time cards so he could determine this.  [Id., p. 39:14-15; 45:11-16].   For this reason, there were many questions he could only answer by referring Plaintiffs' Counsel to her clients' time cards. [Id., pp. 30:23; 40:12-15; 48: 23; 49:3; 60:20; 98:3-4; 98:12] or other documents. [Id., p. 47:24; 99:12] 9  Mr. Hossain *did know* that Cruz had worked 5 days a week as a cashier and 4

---

8   To provide some perspective about the number of times Mr. Hossain answered that he could not "recall", it should be noted that Mr. Hossain already had answered 55 questions within the first 20 pages of the Deposition transcript.

9   The NOD did not seek the "location and custodian" of any types of records.  Mr.

days a week as a check cashing clerk.  [Id., p. 39:17-20].   He testified that ORTIZ's hours as a check cashing clerk would be reflected on her time cards as a 10 hour shift.  [Id., p. 40: 19-24]. [10]  Mr. Hossain could not recall their schedules or hours because there were "so many pages" of time cards.  [Id., 43:4-6].

Despite Defendants' prior discovery responses providing the same information, the presence or availability of a myriad of documents that could have been shown to refresh Mr. Hossain's recollection, and that he had not been asked to bring documents from which information could be ascertained, Plaintiff's Counsel's questioning of Mr. Hossain included inquiries concerning unimportant or irrelevant facts (such as the dates when co-workers had been hired) or facts already in its possession such as *how many hours each Plaintiff had worked in each week for a three year period preceding the lawsuit --*  a question no Rule 30(b)(6) representative could have answered off the top of his head at a deposition without reference to the actual time cards. [11]

A prime example of the immaterial information that Mr. Hossain was asked about but could not remember -- cited by Plaintiffs in their Motion-- is the last name of an employee named "Brenda."  "Brenda's" full name ***and*** address already had been provided to Plaintiffs in the response to Interrogatory # 7 served on 6/7/17.   When Mr. Hossain faltered, Plaintiff's Counsel did not offer to show Mr. Hossain the prior interrogatory

---

Hossain testified, however, that he was the custodian of personnel files.

[10]   On cross-examination, when Mr. Hossain was given one of ORTIZ's time cards to review, he was able to testify as to which days of that week ORTIZ had worked as a check cashing clerk.  [Id., 155:25-156:8].

[11]    It would be equally rare that a Rule 30(b)(6) representative would be able to testify with any certainty about the date of hire of 20-30 employees who were hired in the past 3 years.  The same holds true of any inquiry about Plaintiffs' work schedules -- which varied from week to week-over the 3 year period preceding the lawsuit.

response and ask, "Is this the Brenda to whom you are referring ?"   The Motion likewise faults Mr. Hossain for not remembering when "Brenda" was hired but conveniently fails to mention that the NOD did not specify this as an area of inquiry.  Mr. Hossain was not notified to ***memorize each employees' date of hire***.   Nor could he since there were "so many employees" and he just could not "remember everything" [ Id., p. 50:1-3].

The same holds true for Mr. Hossain's failure to remember "Karen's" last name and date of hire.  Employee Karen Saucedo's full name and address were provided to Plaintiffs in response to Interrogatory # 7.  Mr. Hossain was not required to know her date of hire.   And while Mr. Hossain also could not remember the last name of a newer manager named"Tarek," that information later was provided to Plaintiffs' Counsel later via email.   Again, although he was not directed to be familiar with "Tarek's" employment in the NOD, Mr. Hossain's testimony shows that he substantially answered a question about "Tarek's" duties; he just did not know whether Tarek's manner of scheduling employees was different than that of his former manager, Ahazarul Khan. Further, Mr. Hossain testified that Ms. Saucedo might know the information about scheduling.  *Plaintiffs had the opportunity to find this out when they took Ms. Saucedo's deposition on 8/14/17.* Plaintiffs have not cited, nor could they show, prejudice by Mr. Hossain's inability to recall these details.

And while Plaintiffs complain that Mr. Hossain could not testify about the mechanics of Quickbooks, that was not a designated area for the deposition either. He was asked to be knowledgeable about "the method that Plaintiff was paid via payroll." Mr. Hossain knew that Plaintiffs were paid by check and denied they had ever been paid cash.  He testified that deductions were taken from their pay.  Plaintiffs received  W-2's

at year's end.  [Id., p. 109:23-111:4].  He observed his Office Manager prepare the payroll. [Id., 50:10-19].   He had sufficient information to satisfy the obligations of a Rule 30(b)(6) representative.

Plaintiffs also argue that Mr. Hossain was ill-prepared because he could not testify about their hire dates.[12]  See p. 7 of Motion.  First, the NOD designates as a topic "the content of Plaintiffs' personnel files."  That word "content" was understood to mean the _kind_ of documents would be _found_ in their personnel files. [Id., p. 22:7; 23:20].   The NOD did not specify that he should be familiar with Plaintiffs' date of hire or rates of pay during their _entire_ employment.

Moreover, these topics were immaterial and irrelevant to the issues in the lawsuit since the maximum Statute of Limitations under the FLSA is 3 years. [13]   Plaintiffs filed suit on 1/13/17, therefore, the maximum Statute of Limitations was 1/13/14 .  The question sought information beyond the 3 year time period. Mr. Hossain knew the exact date Plaintiffs left NH's employment, which is a far more material fact because it fell within the 3 year period.  [Id., p. 34:23].

Plaintiffs also complain that Mr. Hossain was not familiar with when ORTIZ's pay rate changed. First, the question did not specify to what time period Plaintiff's Counsel was referring.   ORTIZ worked as a cashier/check cashing clerk for Defendants for nearly 5 years.   Second, Mr. Hossain answered by referring Plaintiff's Counsel to ORTIZ's previously produced paychecks which contained ORTIZ's rates of pay over the 3 year period.  [Id., p. 45:25].   Third, he could not remember because there were "so many

---

[12]   Plaintiffs' Complaint alleges that each worked for NH since 2012.

[13]   There is no Florida Minimum Wage Claim.

paycheck." [ Id., p. 58:3-4].  When shown a copy of one of ORTIZ's paychecks on cross examination, he readily testified that her hourly rate during the first part of the Relevant Time Period was $8.00/hr.  [Id., p. 157:5-9].  He testified that the Plaintiffs' various rates of pay during the 3 year period could be ascertained by reference to their paychecks. [ Id., 157:10-12]. [14]   He knew enough about her hours and paychecks to testify that he had reviewed ORTIZ' time cards and paychecks and realized that she had been paid for more hours than she actually worked.  [Id, p. 135:1-3].

Mr. Hossain _was able_ to testify about other designated topics such as the hiring process [ Hossain Depo, pp. 18-19] and the contents of personnel files.  [Id, p. 29:21]; the manner of Plaintiffs' pay [Id., p.58:7;98-99]; and Defendants' wage and hour practices. [Id., p.112:22; 125:17-20; 126:25-127:2; 129:4-5; 130:5-14]. [15]

<u>Argument</u>

Although Rule 30(b)(6) requires a designated witness to thoroughly educate him or herself on the noticed topic, there must be a limit to the specificity of the information the deponent can reasonably be expected to provide. U.S. ex rel Roach Concrete, Inc., v. Veterans PAC J.V., 2013 U.S. Dist. LEXIS 57334 (E.D. Wisc. 2013); State Farm Mut. Auto Ins. Co., v. New Horizent, Inc., 250 F.R.D. 203 (E.D. Pa. 2008); U.S. ex rel Fago v. M.T. Mortgage Corp., 235 F.R.D. 11 (D.C.D.C. 2006). [16]  The fact that a witness cannot

---

[14]   Plaintiffs argue that Mr. Hossain's deposition testimony that he did not review the paychecks directly before the Deposition make a prima facie showing that he was unprepared.

[15]   The Rule 30(b)(6) notice also designated topics relating to jurisdiction despite that Defendants had admitted jurisdiction in their Answer.

[16]   Mr. Hossain's deposition as an individual was _combined_ with his deposition as a Rule (30)(b)(6) representative.   Plaintiff's Motion is based on the assumption and

answer some questions is not dispositive of whether the representative was adequately prepared; it is whether the witness can sufficiently answer questions that are posed within the specific scope of the designation.  A Rule 30(b()6) representative is not expected to be Mnemosyne, to have a photographic memory or to be all-knowing.

The issues in this case are whether Plaintiffs worked overtime, and if so in what amount; whether they were appropriately paid; and if not, whether Defendants' actions were taken in good faith or were willful.    Mr. Hossain reviewed the time records and paychecks of each Plaintiff before the Deposition but could not answer Plaintiffs' Counsel's highly specific questions about what the hours each Plaintiff had worked in each week of their employment, what their specific schedules were over the course of five years and their rates of pay and when these changed.    Mr. Hossain repeatedly told Plaintiff's Counsel that he could provide the answers if he was shown the time cards and paychecks.    She refused to allow this.   On the other hand, when Mr. Hossain was shown these documents on cross-examination, he was readily able to ascertain the information needed and answer similar questions.    See, e.g. p. 157.  Mr. Hossain testified that he ***was depending on being shown the time cards and paychecks during direct examination so he could properly answer questions***.  [Id.,164:22-24].

A Rule 30(b)(6) representative's request to consult documents does not show that he or she is unprepared for deposition.  There is no requirement in Rule 30(b)(6) that the representative be able to testify without reference to documents.  See, <u>Breathable Baby, LLC. v. Crown Crafts, Inc</u>., 2013 U.S. Dist. LEXIS 95508 (D.Minn 2013).

---

presumption that all the responses given by Mr. Hossain was in his role as a Rule 30(b)(6) representative.

Here, Plaintiffs "gotcha" strategy for taking Mr. Hossain's Deposition was to ask questions no person would know from memory. They not only did not notice the Deposition duces tecum-- which would have required Mr. Hossain to bring the time cards and paychecks to review during the Deposition-- they then also refused him the right to review documents ***sitting within his reach*** that would have provided much of the information necessary to answer their questions. They also fault him for being unable to answer questions regarding topics ***that they did not designate*** or to devine that the word "content" meant something other than what documents are contained in Plaintiffs' personnel files when a more apt description would have been the "content of ***employment documents contained in personnel files"***. Plaintiffs' gamesmanship warrants an award of sanctions to Defendants, not the other way around.

<u>The Alleged Misconduct of Defense Counsel</u>

Plaintiff's Counsel is hardly in a position to accuse defense counsel of misconduct at Mr. Hossein's deposition. Before going on the record at the Deposition, Plaintiff's Counsel walked into the deposition room with a young lady and identified her as "Ms. Robleto." Defense counsel introduced herself and said, "Hello Ms. Robleto, I'm Leslie Langbein. I represent Mr. Hossain and N.H." or words very similar. "Ms. Robleto" did not say anything in response, like "Oh…. I'm not Ms. Robleto, I'm Ms. Cruz." Nor did "Ms. Robleto" lean over to Plaintiff's Counsel to make sure she corrected the "mistake." Ms. Hossain immediately notified his counsel that the young lady was not ROBLETO, but ORTIZ. This resulted in enormous confusion.

Once the Deposition commenced, Plaintiff's Counsel introduced "Ms. Robleto" on the record as being present at the deposition [Id., p. 5:9]. Again, "Ms. Robleto" did

nothing to correct Plaintiff's Counsel's representation on the record.   Plaintiff's Counsel

began her questioning of Mr. Hossain.   One half hour into the deposition, the following

colloquy took place starting at p. 20:25:

> Q.     [By Ms. Jaff]:   Do you know who Katherine Mitchell Cruz is ?
>
> A.     [By Mr. Hossain].     In front of me.
>
> Q.     This is not Ms. Cruz.  This lady sitting in front of you.  ***Neither of us is Ms.***
>
> ***Cruz.***
>
> A.     Ms. Cruz ?
>
> Q.     Right.  ***She is not here today***.   Do you know who that is ?
>
> A.     She is my employee.
>
> Q.     And you believe she is sitting here today ?
>
> A.     Yes.  What do you mean she is not there ? I do not understand these things.
>
> Why you say these things ?
>
> [E.S.]  ……..

About 5 minutes later, Ms. Langbein interrupted the examination to clarify the

identity of the young woman sitting across from Mr. Hossain.  See, p. 24:24-25:17.

> [By Mrs. Langbein].   I don't mean to interrupt your deposition, but I am a little
>
> confused.  You are telling me this is Ms. Robleto.  My client has identified her as
>
> Ms. Cruz.
>
> [By Ms. Jaff].   I know.  I made a mistake.  This is Ms. Cruz. [17]
>
> [By Ms. Langbein].   So can we have some identification that identifies her as Ms.

---

[17]  The transcript shows there was no break in the deposition or in Plaintiffs' Counsel's
questioning during which "Ms. Robleto" could have informed her of the "mistake."

Cruz ?

[By Ms. Jaff].    She is Ms. Cruz.  I am making that representation for the record.

[By Ms. Langbein]    So you misrepresented before that she was Ms. Robleto ?

[By Ms. Jaff]   *I was confused and I called her Ms. Robleto instead of Ms. Cruz.*

I didn't make any misrepresentation.  I made a mistake.

[By Ms. Langbein].    I originally said this is Ms. Cruz and you said "no this is Ms.

Robleto."

[By Ms. Jaff].    Right and I made a mistake.

Plaintiff's Counsel had made no mistake at all; she deliberately misrepresented

ORTIZ's identity with the intent to induce Mr. Hossain to misidentify her client—something

that would have greatly assisted ORTIZ in defending the State of Florida's prosecution of

her for 2nd Degree Grand Theft of NH's funds. See Exhibit "C".  This misrepresentation

was an attempt to misuse Mr. Hossain's deposition to gain an advantage in the criminal

proceeding which was scheduled for trial the following month.

That Plaintiff's Counsel has been coordinating with ORTIZ's criminal defense

lawyer to use discovery in this case as a means of avoiding conviction is evident.

Plaintiff's Counsel sought a stay due to the ongoing criminal prosecution *on the advice of*

*ORTIZ's criminal counsel*.   Plaintiff's Counsel moved for a dismissal without prejudice so

that ORTIZ would not have to plead the 5th Amendment in response to Defendants'

discovery requests and questions at her scheduled deposition on 8/24/17 *on advice of*

*ORTIZ's criminal counsel.*

Plaintiff's Counsel so much as admitted at the Deposition that she was using Ms.

Hossain's deposition to assist the criminal case when she stated that she was "trying to

figure out what he thinks is her illicit or fraudulent activity." [Id., p. 86:19-22]. [18]  Plaintiffs, of course, do not point out that the cited colloquy took place ***after*** Mr. Hossain already had answered numerous questions on this area.  [Id., p. 82:7-84:15].  Defense counsel's objection was an attempt to prevent further misuse of Mr. Hossain's deposition for this improper purpose and was justified.   See <u>Deal v. Deal</u>, 740 N.W. 2d 755 ( Minn. 2007) [criminal defendant could not use discovery in criminal proceeding because of the state's interest in protecting the integrity of the criminal process].  Nevertheless, Plaintiffs asked their questions, received their answers and were not prejudiced in any manner.

Plaintiffs next allegation, on page 17 of their Motion, is that defense counsel improperly suggested answers to Mr. Hossain.   The excerpt from the deposition they cite shows an entirely different scenario.    The question posed to Mr. Hossain that he answered was:

Q.    [By Ms. Jaff].  *<u>Who took over in 2016</u>* ?

A.    There was a gentleman named Kashem.  He worked sometimes. I don't know how many months.

Q.    Do you know what his last name is ?

This question clearly showed that Plaintiff's Counsel *<u>had not</u>* reviewed Defendants' discovery responses before the Deposition.    MD Kashem had been listed as manager in Defendants' Interrogatory answers (and identified in Defendants' Initial Disclosures.) Mr. Kashem's deposition already had been noticed by Plaintiffs' Counsel for 8/14/17. Ms. Langbein interjected that "Kashem" was the person's last name gave no more

---

[18]  One of Defendants' affirmative defenses is that Plaintiffs should not be paid for work time that was used for their personal benefit.  Defendants also have raised the affirmative defense that they are entitled to a credit for time they never worked.

information than Plaintiff's Counsel already had at her fingertips.   And, knowing this information, Plaintiff's Counsel then asked

> Q.     Do you know what his first name is ?
>
> A.     ***MD Kashem.***

[Id., pp. 64:25-65: 7].     The comment did not disrupt the Deposition and in fact, actually assisted Plaintiff's Counsel in realizing her error.

The second example of an alleged improper comment on pp. 17-18 of Plaintiff's Motion occurred after Mr. Hossain was shown a copy of the police report that he filed with the Miami Beach Police Department concerning the theft of NH's funds.   The police report was introduced as an exhibit at page 81:4-11 of the transcript.   It was *handed to Mr. Hossain to review* and followed by this colloquy at p. 92:2-93:2:

> Q   [By Ms. Jaff].     This lawsuit was filed on January 13th, 2017. Do you know that?
>
> A     [By Mr. Hossain]     Which lawsuit?
>
> Q     This lawsuit that you are here for today.
>
> A     January 13th?
>
> Q     Yes.
>
> A     2017?
>
> Q     2017.
>
> A     Which lawsuit?
>
> Q     The lawsuit that you are here to answer questions about today was filed on January 13th, 2017. Do you know that?
>
> A     ***No, I did not.***

Q      I have a copy of the docket that I printed out this morning that you are

welcome to look at. And it shows over here that the lawsuit was filed

on January 13th, 2017. Does that refresh your recollection at all?

MS. LANGBEIN: Objection to form. He has no recollection.

A.      I don't know what it is. I have no idea.

Q.      Did you know about this lawsuit before you filed your police report?

A      Which lawsuit?

MS. LANGBEIN:     This lawsuit.

Q      The lawsuit that you are here for today?

Mr. Hossain was clearly confused because he was looking at the exhibit of the police

report yet Plaintiff's Counsel questioning referred to a lawsuit    Pointing to the police

report, defense counsel stated:

MS. LANGBEIN: This is not a lawsuit. This is a prosecution. The lawsuit she is

referring to is the wage and hour claim. What she is asking you, did you know about the

wage and hour claim before you went to the police?

Ms. Langbein's comment was not meant to (and did not) suggest an answer to Mr.

Hossain.  It was intended to alleviate Mr. Hossain's confusion over which matter he was

being questioned about.   The comment was harmless and intended to focus his attention

to the subject of the question:  the lawsuit, not the police report.  The comment aided in

putting Mr. Hossain back on track for further questioning by Plaintiff's Counsel.

The third incident described on page 18 of the Motion -- when Mr. Hossain could

not recall the name of his Office Manager about whom he previously had testified (see

references to "Karen" at pp. 52, 53,54,56, 57, 58, 63, 66) -- was so innocuous, it merits no discussion.

The fourth incident of alleged misconduct described on p. 18 of the Motion was an objection based on the form of the question.   The comment was an attempt to clarify an overly broad question which might have impacted the attorney-client and work product privileges.   The same issues arose at Mr. Hossain's prior deposition on 5/5/17 in the Reyes case.[19]   Plaintiff's Counsel accepted the objection, understood the overly-broad nature of the question *and rephrased her question to limit it to compliance.*

Plaintiff's next citation is to a colloquy that shows Plaintiffs' Counsel was badgering the witness.   Plaintiff's Counsel started a line of questioning at p. 121 about legal advice Mr. Hossain had received concerning FLSA compliance.   At p. 121:23 she asked if Mr. Hossain had any records that would refresh his recollection when he sought advice from defense counsel. He responded "no.  [Id, p. 121: 23-25].   Plaintiff's Counsel then asked the same question again and got the same answer from Mr. Hossain:  he did not have any.  [Id., p. 124:6-11].   Plaintiff's Counsel then asked the question about documentation ***a third time*** at p. 127: 18-23.  Again, Mr. Hossain against responded he did not have any documentation.  Id., p. 127: 24.   Not to belabor the point too finely, Plaintiff's Counsel asked the question a fourth time at p. 129:11-12.  Mr. Hossain re-affirmed his first three answers.   The exchange referred to in Plaintiff's Motion was the fifth time Plaintiff's

---

[19]   Plaintiff's Counsel ultimately filed a Motion to Compel in Reyes on the issue of the scope of the attorney-client privilege.  Judge Goodman ruled that Mr. Hossain only needed to respond to questions concerning the defenses of good faith and lack of willfulness.  Judge Goodman also ruled that the attorney-client and work product privileges barred questions concerning defense of wage and hour lawsuits.  See [DE 94], Reyes v. Collins & 74th Street, Inc., USDC Case No. 16-24362].

Counsel asked about documentation.

> Q      Do you have any documents that you think would refresh your recollection
>         as to whether or not you specifically discussed the check cashing position
>         with Leslie Langbein and whether or not NH, Inc. was in compliance with
>         the overtime or minimum wage laws?
>
> A      ***I didn't discuss it with her.***

Plaintiff's Counsel then asked the question a ***sixth time***.

> Q      Okay. But I asked you if you think there's any documents? Do you think
>         there's any documents that would refresh your recollection as to whether or
>         not you did discuss that?

The follow-up question by Plaintiff's Counsel was annoying and harassing: she either was not listening to his prior testimony or downright refused to accept Mr. Hossain's response.  Defense counsel's comment was justified to stop Plaintiffs' Counsel badgering of her client.

Plaintiff's Counsel also faults defense counsel on p. 19 of the Motion for attempting to preserve her client's ***right*** as a Rule 30(b)(6) deponent to review documents so that he could provide accurate responses.   See Breathable Baby, LLC. v. Crown Crafts, Inc, *supra*.

<u>ARGUMENT</u>

Depositions are not opportunities for an opposing party to confuse, trick or badger witnesses.   This type of discovery misconduct is especially improper when the witness also serves as a Rule 30(b)(6) deponent since the witness' answers or inability to respond may bind the corporation.   QBE Ins. Corp. v. Jorda Enterprises, 277 F.R.D. 676 (S.D. Fla. 2012).

The comments made by defense counsel at Mr. Hossain's Deposition are inconsequential compared to the conduct of Plaintiff's Counsel at the Deposition.   Among

other things Plaintiff's Counsel:

1)    Misrepresented ORTIZ's identity to trick Mr. Hossain;

2)    Refused and denied Mr. Hossain the right to review documents that were available ***in the room*** from which he could have ascertained information to ensure that his responses were complete and accurate;

3)    Misused a civil deposition for the purpose of taking criminal discovery;

4)    Failed to clarify questions for Mr. Hossain when it was clear he was thoroughly confused between this lawsuit and ORTIZ's criminal prosecution;

5)    Prolonged the Deposition by failing to review Defendants' previous answer and responses to written discovery and asking about information that Plaintiff's Counsel already had in its possession;

6)    Badgered Mr. Hossain by repeating the same question over and over; and

7)    Asked questions beyond the scope of the areas designated in the subpoena.

An attorney defending a deposition where such misconduct occurs is not only entitled to preserve a clear record of the deposition but also to take affirmative steps to ensure that his or her witness is not tricked or lulled into providing an inaccurate answer due to lack of knowledge or confusion; that the matter about which the client is being asked was included in the NOD, and the client is allowed to review documents which are necessary to provide an accurate answer.  The reason why is exemplified by the Motion: to prevent a plaintiff from later claiming that the witness is ill-prepared and should be sanctioned, such as Plaintiffs attempt do to in this Motion.  See Rule 30(d).

Importantly, Plaintiffs have not shown that defense counsel's comments interfered with their ability to ask questions, obtain direct answers or to complete Mr. Hossain's Deposition.   In fact, some of defense counsel's comments-- such as when Mr. Hossain forgot a name or when Plaintiff's Counsel failed to recognize a name as a previously identified witness -- hastened Plaintiff's completion of the Deposition.   Other comments were assertions of rights (to review documents), an effort to clear up Mr. Hossain's obvious confusion, or objections to the form of the question *which did not suggest the* deponent's answer.   This is not a case where defense  counsel terminated the deposition early; shouted; threw objects; called names or made sarcastic or disparaging remarks; interrupted each and every question; purposely delayed the Deposition by taking long or repeated breaks; coached the witness outside of the deposition room or engaged in outbursts.   See, e.g. <u>Carlson v. Bosem</u>, 2005 U.S. Dist. LEXIS 45634 (S.D. Fla. 2005), affirmed, 2006 U.S. Dist. LEXIS 96780 (S.D. Fla. 2006).

While a deposition should proceed as if it was a trial proceeding, this alone does not give the deposing attorney license to misuse the deposition or abuse the witness. Defense counsel's role in defending a deposition cannot simply be limited to objecting to the form of a question.  His or her role also is to ensure that the client-- expecially when appearing as a  Rule 30(b)(6) representative-- provides clear answers to unambiguous questions after being allowed the opportunity to review documents which contain necessary information.   A defense attorney's role also is to prevent his or her client from being badgered when the deposing attorney re-asks the same question multiple times because the client has answered in a manner that he or she does not like.  Had a question been posed to a witness at trial, been asked and answered, *and then asked again*

*repeatedly*, the court's response most assuredly would be to require the questioning attorney to move on to another topic.

Plaintiffs have not cited a single example of defense counsel's suggestion to Mr. Hossain of answers except where they already had the same information from previous discovery responses.    The "suggestions" which they claim were improper were the names of employees whom Mr. Hossain previously had identified in the deposition and in response to interrogatories.   Some "suggestions" were made to Plaintiff's Counsel -- not Mr. Hossain.   For example, Plaintiff's Counsel did not know that "Kashem" was a last name.   Mr. Hossain, on the other hand, readily testified to MD Kashem's full name. Plaintiffs have failed to show that defense counsel's comments prejudiced their ability to obtain the information they needed from the Deposition.

In sum, sanctions are not warranted against either Mr. Hossain or his counsel, especially given the manner in which the Deposition was conducted by Plaintiff's Counsel. It was designed to trick and confuse Mr. Hossain and make it appear that he was "ill-prepared" to answer questions.  Plaintiff's Counsel's conduct at the Deposition and the contrived grounds for their Motion, not Defendants, ought to be the focus of sanctions.

WHEREFORE, Defendants respectfully request the Court to deny the Motion in its entirety and award Defendants their fees and costs in having to respond to it.

 MY SIGNATURE BELOW CONSTITUTES A VERIFICATION THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, RECOLLECTION AND BELIEF.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A
Counsel for the Defendants
8181 NW 154 St., Suite 105
Miami Lakes, FL. 33016
Ph: 305-556-3663
Fx: 305-556-3647
Email: langbeinpa@bellsouth.net

By: /s/ Leslie W. Langbein
Fla. Bar. No. 305391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 8/29/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list.

By: /s/ Leslie W. Langbein
FBN 305391

## SERVICE LIST

J.H. ZIDELL, P.A.
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com