## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20169-Civ-TORRES

KATHERINE MITCHELL CRUZ ORTIZ,
JOISELYN C ROBLETO, and all others
Similarly situated under 29 U.S.C. 216(b),

      Plaintiffs,

v.

N.H. INC. a/k/a MERIDIAN FOOD
MARKET, MONEY GRAM,
MOHAMMED HOSSAIN,

      Defendants.
_____/

## OMNIBUS ORDER ON PLAINTIFFS' MOTIONS
## TO DISMISS THEIR CLAIMS WITHOUT PREJUDICE

This matter is before the Court on Katherine Mitchell Cruz Ortiz's ("Plaintiff Ortiz") and Joiselyn C. Robleto ("Plaintiff Robleto") (collectively, "Plaintiffs") motions to voluntarily dismiss their claims without prejudice against N.H. Inc. ("N.H. Inc.") a/k/a Meridian Food Market, Money Gram, and Mohammed Hossain ("Defendants"). [D.E. 34, 42]. Defendants responded to Plaintiffs' motions on August 8, 2017 [D.E. 35] and August 24, 2017 [D.E. 45] to which Plaintiffs timely replied. [D.E. 37, 50]. Therefore, Plaintiffs' motions are now ripe for disposition. After careful consideration of the motions, responses, replies, relevant authorities, and for the reasons discussed below, Plaintiffs' motions are **GRANTED in part** and **DENIED in part**.

1

## I.     BACKGROUND

Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA") for unpaid overtime wages during their employment as cash checking clerks. Plaintiff Ortiz seeks unpaid wages from February 20, 2012 through January 9, 2017 and Plaintiff Robleto seeks unpaid wages from June 1, 2012 through January 9, 2017.  [D.E. 1].  Plaintiffs simultaneously resigned their employment positions on January 9, 2017 and filed this action against Defendants on January 13, 2017. Plaintiffs allege in their statement of claims that they worked sixty-five hours per week week and that all of the time spent working over forty hours during any particular week was uncompensated.

On August 7, 2017, Plaintiff Ortiz filed a motion to voluntarily dismiss her claims without prejudice.  [D.E. 34].  The reason for her motion is because Defendants have filed criminal charges against Plaintiff Ortiz and a dismissal is allegedly required to protect her Fifth Amendment rights.  Plaintiff Ortiz suggests that she will be greatly prejudiced if her motion is denied because the criminal proceedings are related and could force her to violate her constitutional rights.[1]  For example, Plaintiff Ortiz does not want to respond to written discovery requests or participate in depositions because her responses may delve into issues intertwined with the criminal proceedings that might prejudice her in both actions.   Therefore,

---

[1]     Plaintiff Ortiz argues that at the time she initiated this lawsuit, she did not know that criminal charges had been brought against her and that she only became aware of these alleged offenses at a later date.

Plaintiff Ortiz requests that we voluntarily dismiss her claims against all Defendants without prejudice and that each party bears their own fees and costs.[2]

On August 22, 2017, Plaintiff Robleto filed a substantially similar motion to voluntarily dismiss her claims against Defendants without prejudice. [D.E. 42]. Plaintiff Robleto presents the same arguments as Plaintiff Ortiz in that the continuation of this civil case will hinder the related criminal case. Therefore, to alleviate any potential prejudice, Plaintiff Robleto requests that her claims be dismissed without prejudice and that each party bear their own fees and costs.

Defendants take issue with Plaintiffs' motions because Defendants have incurred significant attorney's fees and costs in defending this action. Defendants argue that Plaintiffs took Defendants' depositions before moving to dismiss this case and that this wasted Defendants' time and legal expenses. Defendants also contend that they have incurred costs opposing several of Plaintiffs' motions and that the resources spent on this case necessitate that Plaintiff's claims be dismissed with prejudice.

With respect to Plaintiff Ortiz, Defendants are skeptical that she is being forced to choose between waiving her Fifth Amendment privileges in a criminal case and pursuing this civil action. Defendants suggest that Plaintiff Ortiz's true motive is to alleviate herself from (1) discovery obligations, (2) failures to timely object to Defendants' discovery requests, and (3) the consequences of bearing Defendants' fees

---

[2] Plaintiff Ortiz notes that should the Court determine that Plaintiff can only dismiss her claims *with* prejudice, Plaintiff would reluctantly agree to do so.

3

and costs. Moreover, Defendants argue that Plaintiff Ortiz's motion must be denied because a voluntary dismissal without prejudice would be inequitable. Defendants believe that Plaintiff Ortiz would be allowed to re-file her claim in the future without having to (1) reimburse Defendants for their attorney's fees or costs, (2) comply with discovery obligations, or (3) bear the consequences of failing to timely respond to discovery. As such, Defendants suggest that Plaintiff Ortiz's motion is merely an attempt to "shop" around for a more favorable time to bring her claims so that she receives a second chance at litigating this case.

As for Plaintiff Robleto, Defendants argue that she has unjustifiably refused to respond to Defendants' written discovery requests which, in turn, forced Defendants to draft and file a motion to compel. After the Court granted Defendants' motion to compel and ordered Plaintiff Robleto to appear for her deposition, Defendants contend that she refused to do so. Instead, Defendants point out that Plaintiff Robleto filed a motion for protective order at the eleventh hour to evade the Court's orders. The motion for protective order was allegedly filed so late that Defendants were not even aware of it until the morning of the deposition. As a result, Defendants argue that they incurred attorney's fees and costs in preparing for the deposition, including costs for a court reporter and interpreter.

Defendants suggest that Plaintiff Robleto's attempt to voluntarily dismiss her claims is fallacious because she has neither been arrested nor charged with a crime. Defendants also argue that there is no legal impediment to Plaintiff Robleto's

4

assertion of a Fifth Amendment privilege to discovery requests and in answering questions at a deposition. Thus, Plaintiff Robleto's motion would purportedly allow her to escape all of the expenses that Defendants have incurred and allow her to simply re-file her action at a later date when it is more convenient to do so. In sum, Defendants believe that Plaintiff Robleto's motion cannot be granted because she has made this action expensive by (1) filing unnecessary motions, (2) stonewalling discovery, and (3) disobeying Court orders.

Furthermore, Defendants are concerned about the voluntary dismissal of Plaintiff Robleto's claims because cell phone companies only preserve records of an account holder's calls and text messages for limited periods of time. If Plaintiff Robleto's cell phone records show that she was at an entirely different location at the same time that she alleges she was working "off the clock," Defendants suggest that the evidence would be critical to a defense of her claims. As such, Defendants suggest that dismissal of Plaintiff Robleto's case without prejudice might result in the inability to ever obtain the necessary information to defend this action, including the risk of losing key documents that were previously requested.

## II.  ANALYSIS

Rule 41 governs the ability of plaintiffs to dismiss cases without prejudice. In circumstances where a defendant has not yet filed an answer or a motion for summary judgment (whichever occurs first), Rule 41 permits plaintiffs to dismiss cases *without* prejudice and *without* leave of court. However, "[o]nce an answer or a

summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting FED. R. CIV. P. 41(a)(2)).  Because Defendants in this case filed an answer long ago [D.E. 9], Plaintiffs may only voluntarily dismiss this action with court approval.  Rule 41 provides, in relevant part, the process in which plaintiffs may voluntarily dismiss a case:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).

When plaintiffs seek court approval for voluntarily dismissing a case, district courts enjoy broad discretion because the purpose of Rule 41 "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Alamance Industries, Inc. v. Filene's,* 291 F.2d 142, 146 (1st Cir. 1961).  Hence, district courts should bear in mind the interests of the defendant because it is the defendant's interests that must be protected.  *See LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976).

"[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,*

6

as a result." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original) (citing *LeCompte,* 528 F.2d at 604); *see also Arias v. Cameron,* 776 F.3d 1262, 1268 (11th Cir. 2015) ("Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit.") (citations omitted). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). And in answering that question, district courts must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants,* 781 F.2d at 857. However, "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* (citing *Durham,* 385 F.2d at 368).

The Eleventh Circuit's decision in *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) is instructive on whether to grant Plaintiffs' motions. In *Pontenberg*, the plaintiff sought to dismiss her cause of action against the defendant without prejudice and the defendant objected. The defendant claimed that a dismissal without prejudice was inappropriate after the discovery period had expired[3] because it had invested considerable resources, financial and otherwise, in defending the case, including the preparation of a pending summary judgment

---

[3]    Discovery in this case is currently scheduled to close on November 1, 2017. [D.E. 10].

motion. The district court found that the defendant had failed to identify clear legal prejudice and granted the plaintiff's motion. However, the district court also ordered that costs should be assessed against the plaintiff pursuant to Rule 41(d) if the plaintiff later re-filed her action against the defendant. *See* FED. R. CIV. P. 41(d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action").

On appeal, the Eleventh Circuit held that the district court did not abuse its discretion in dismissing the lawsuit without prejudice because any practical prejudice suffered was cured by the court's condition that the plaintiff pay the defendant's costs upon re-filing the lawsuit. The Eleventh Circuit also found that "[n]either the fact that the litigation ha[d] proceeded to the summary judgment stage nor the fact that the plaintiff's attorney ha[d] been negligent in prosecuting the case, along or together, conclusively or per se establishe[d] plain legal prejudice requiring the denial of a motion to dismiss." *Id*. (citing *Durham,* 385 F.2d at 366). The Eleventh Circuit has similarly upheld dismissals without prejudice which contained conditions prohibiting plaintiffs from re-filing their lawsuits unless they paid the attorney's fees reasonably incurred by the defendants in defending the dismissed lawsuit. *See Versa Products, Inc. v. Home Depot, USA, Inc.,* 387 F.3d 1325, 1328-29 (11th Cir. 2004); *Roberts Enterprises, Inc. v. Olympia Sales, Inc.,* 2006 WL 1736761 (11th Cir. June 23, 2006); *see also Geary v. WMC Mortg. Corp.,* Civ. Action 2006 WL

8

2532668, *2 (N.D. Ga. 2006) (granting plaintiff's Rule 41(a)(2) "motion only upon the condition" that plaintiff reimburse defendants' attorney's fees reasonably incurred in defending the lawsuit in the event plaintiff subsequently re-filed her claims against defendants).

The first question that we must answer is whether Defendants will suffer clear legal prejudice if we grant Plaintiffs' motions. In determining whether Defendants will suffer clear legal prejudice, "'the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" *Peterson v. Comenity Capital Bank*, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000)).

The first factor weighs in favor of Defendants because they have incurred considerable fees and expenses in defending this case, including the drafting of several motions and responses after Plaintiffs failed to comply with the Court's prior discovery orders. [4] Yet, we cannot find that Defendants have suffered "clear legal prejudice" because all of the remaining factors weigh in favor of Plaintiff. *See Brown v. ITPE Health & Welfare Fund*, 2006 WL 2711511, at *3 (M.D. Ala. Sept. 21,

---

[4] While the first factor appears to favor Defendants, we note that they have not provided the Court with specific evidence of the amount of time or resources expended to date. And Defendants have also not necessarily demonstrated that the work performed in this case would not be of benefit in a subsequent action.

2006) ("The court finds that the arguments of Defendant, which are predicated upon its time and expenses incurred and Plaintiff's timing in moving for dismissal, do not constitute clear legal prejudice in light of . . . binding precedent"); *Berry v. General Star National Ins. Co.,* 190 F.R.D. 697 (M.D. Ala. 2000) ("[M]erely because some limited discovery has been done in this case does not mean that the Defendant will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff.").

For example, unlike *Pontenberg* which had a pending motion for summary judgment, this case remains in the discovery stage.[5] And while Defendants may believe that Plaintiffs have stonewalled discovery, there is no evidence that Plaintiffs have failed to diligently prosecute this action, or that they have acted in bad faith. Moreover, the reason proffered for voluntarily dismissing this case is credible due to Plaintiffs' concern over violating their constitutional rights. Although we denied Plaintiffs' motion to stay – on the basis that Plaintiffs have the option of invoking the Fifth Amendment as protection against violating any constitutional rights – that does not mean that the reasons proffered for wanting to dismiss this action are

---

[5]     Clear legal prejudice is not even necessarily established at the summary judgment stage unless there is evidence that a plaintiff is acting in bad faith, such as seeking dismissal solely to avoid an expected adverse ruling.  *See id.* ("[T]he record indicates that Pontenberg's voluntary dismissal was not sought *solely* to avoid an expected adverse ruling on Boston Scientific's summary judgment motion, but had been contemplated by Pontenberg even before the summary judgment motion had been filed.").

10

insufficient.  Accordingly, we find that Defendants will not suffer clear legal prejudice to warrant a denial of Plaintiffs' motions.

Because Defendants will not suffer clear legal prejudice, the next question is what conditions should be imposed for granting Plaintiffs' motions to voluntarily dismiss this action.  *See Pontenberg*, 252 F.3d at 1258 (finding that Rule 41 expressly "allows the court to prevent prejudice to the defendant in such cases by attaching conditions to the dismissal.").  Defendants propose several conditions: (1) that Plaintiffs be required to reimburse Defendants for their reasonable fees and costs, (2) that Plaintiffs' voluntary dismissals may be referred to at any trial as a basis for impeachment, (3) that Plaintiffs be required to appear for deposition without subpoena on dates and times solely determined by Defendants, (4) that Plaintiffs be required to provide all documents as requested in Defendants' request for production, (5) that Plaintiffs be required to disclose the identity of her cell phone service provider during the relevant time period and provide their account and cell numbers in a sworn statement so that a Rule 45 subpoena can be immediately issued, (6) that Plaintiff Ortiz be required to produce her entire tax returns and the identity of the banks in which she was either the owner of beneficiary of a bank account, and (7) that any failure to abide by Plaintiffs to abide by the conditions set forth above result in Defendants' ability to obtain entry of final judgment in their favor.

Defendants' proposed conditions go too far. "In ruling on motions for voluntary dismissals, the district court should impose *only* those conditions which will alleviate the harm caused to the defendant." *LeCompte,* 528 F.2d at 604–05 (emphasis added). We find that Plaintiffs' dismissal without prejudice must be contingent upon the payment of all taxable costs that Defendants incurred in defending this action should Plaintiffs later re-file this lawsuit. *See Potenberg,* 252 F.3d at 1259; *Versa Products, Inc.,* 387 F.3d at 1328. We also agree with Defendants that if Plaintiffs refile this action, they must also pay for all reasonable attorneys' fees incurred by Defendants in defending this case, including any fees Defendants recently incurred in attempting to depose Plaintiffs and all motions/responses that Defendants prepared in opposing Plaintiffs' attempt to dismiss this case. *See Brown*, 2006 WL 2711511, at *3.

By including these two conditions, we accomplish two objectives: (1) Defendants will be adequately compensated for all reasonable expenses incurred before dismissal and (2) Plaintiffs will be deterred from engaging in any vexatious litigation. *See Piderit Corp. v. Hartford Cas. Ins. Co.*, 2014 WL 11910626, at *2 (S.D. Fla. Apr. 9, 2014) ("[T]he purpose of awarding costs under Rule 41(a)(2) is twofold: to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation.") (quoting *Bishop v. W. Am. Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982)); *see also Young v. Roy's Rest.*, 2006 WL 2598962 (M.D. Fla. Sept. 11, 2006).

While taxable costs and attorney's fees are perhaps the two most common conditions that courts impose under Rule 41, "[t]he trial judge is not limited to conditions of payment of costs, expenses[,] and fees." *LeCompte*, 528 F.2d at 603. Rather, "[t]he dismissal may be conditioned upon the imposition of other terms designed to reduce inconvenience to the defendant." *Id*. (citing *Eaddy v. Little*, 234 F. Supp. 377 (E.D.S.C. 1964) (dismissal conditioned on plaintiff's production of certain documents); *Goldlawr, Inc. v. Shubert*, 32 F.R.D. 467 (S.D.N.Y. 1963) (dismissal without prejudice conditioned on plaintiff covenanting not to sue defendants, where a dismissal with prejudice might have adversely affected plaintiff's related litigation); *Stevenson v. United States*, 197 F. Supp. 355 (M.D. Tenn. 1961) (dismissal conditioned upon the production of documents, certain witnesses at trial, and costs of witnesses)).

"Other conditions could include making available to defendant at second suit certain records, producing certain witnesses at trial, and paying one-half cost of defendant bringing in other witnesses." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 298 (5th Cir. 2016) (quotation marks and citation omitted).[6]  As such, the only remaining condition that we will impose is the complete preservation of all documents requested in Defendants' prior requests for production, including cell

---

[6]  *See also*  9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366 (3d ed. 2008) (explaining that in addition to requiring the payment of costs, a court can condition voluntary dismissal on "the plaintiff['s] produc[ing] documents or agree[ing] to allow any discovery in the dismissed action to be used in the subsequent action or otherwise reduce the inconvenience to the defendant caused by the dismissed case").

13

phone records and tax returns, for the relevant time period that Plaintiffs allege they are owed unpaid wages. A failure to preserve these records shall limit the time period that Plaintiffs may pursue their claims for unpaid wages. Stated differently, if Plaintiffs only preserve the documents previously requested between 2014 to 2017, then Plaintiffs' claim for unpaid wages shall also be limited to the same time frame. This condition alleviates any prejudice that Defendants may suffer in the event that Plaintiffs re-file their claims and the documents that Defendants previously requested are unavailable because of a loss of data. Accordingly, the foregoing conditions offer enough protection to Defendants, and, at the same time, allow Plaintiffs to renew this action should they decide to do so in the future.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motions to voluntarily dismiss their causes of action is **GRANTED in part** and **DENIED in part**. Plaintiffs are permitted to voluntarily dismiss their claims against Defendants without prejudice. However, if Plaintiffs re-file this action at a later date, Plaintiffs shall pay all taxable costs and attorneys' fees that Defendants incurred in defending this action. Plaintiffs shall also preserve all documents that Defendants previously requested, including cell phone records and tax returns for the relevant time period that Plaintiffs allege they are owed unpaid wages. Because these documents may be essential for any future defense of this

action, a failure to preserve the documents previously requested shall limit the time period that Plaintiffs may sue for unpaid wages.

The action is now **CLOSED** and the case is **DISMISSED** without prejudice subject to the conditions set forth herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of September, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge