## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20169-Civ-TORRES

KATHERINE MITCHELL CRUZ ORTIZ,
JOISELYN C ROBLETO, and all others
Similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

v.

N.H. INC. a/k/a MERIDIAN FOOD
MARKET, MONEY GRAM,
MOHAMMED HOSSAIN,

        Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO STAY

This matter is before the Court on Katherine Mitchell Cruz Ortiz's and Joiselyn C. Robleto's ("Plaintiffs") motion to stay against N.H. Inc. ("N.H. Inc.") a/k/a Meridian Food Market, Money Gram, and Mohammed Hossain's ("Defendants") [D.E. 61]. Specifically, Plaintiffs seek a stay of any determination of attorneys' fees and costs until they re-file their claims against Defendants. Defendants responded to Plaintiffs' motion on November 3, 2017 [D.E. 62] to which Plaintiffs replied on November 13, 2017. [D.E. 66]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiffs' motion is **DENIED**.

1

## *I.     BACKGROUND*

Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA") for unpaid overtime wages during their employment as cash checking clerks. Plaintiff Ortiz sought unpaid wages from February 20, 2012 through January 9, 2017 and Plaintiff Robleto sought unpaid wages from June 1, 2012 through January 9, 2017. [D.E. 1]. Plaintiffs resigned their employment positions on January 9, 2017 and filed this action against Defendants on January 13, 2017. Plaintiffs alleged in their statement of claims that they worked sixty-five hours per week week and that all of the time spent working over forty hours during any particular week was uncompensated.

On September 27, 2017, the Court permitted Plaintiffs to dismiss their claims against Defendants without prejudice. [D.E. 58]. In doing so, the Court held that if Plaintiffs decided to re-file this action at a later date, Plaintiffs would pay all taxable costs and attorneys' fees that Defendants incurred in defending this action. Plaintiffs were also ordered to preserve all documents that Defendants previously requested in discovery, including cell phone records and tax returns for the relevant time period that Plaintiffs alleged they were owed unpaid wages. If Plaintiffs failed to preserve the documents requested, their claims would be limited to the time period that Plaintiffs could sue for unpaid wages in any subsequent action.

## II.   ANALYSIS

The sole issue presented is whether Defendants' motion for reasonable attorney's fees and costs should be stayed until Plaintiffs re-file their claims. On September 27, 2017, we dismissed Plaintiffs' claims without prejudice and held that "if Plaintiffs re-file this action at a later date, Plaintiffs shall pay all taxable costs and attorneys' fees that Defendants incurred in defending this action." [D.E. 57]. Plaintiffs argue that they have not yet re-filed their claims and that Defendants' motion for fees and costs is premature and vexatious. As such, Plaintiffs request that Defendants' motion be stayed until Plaintiffs re-file this case at a later date.[1]

Defendants oppose Plaintiffs' motion on the basis that there is no need to wait any longer for a determination of fees and costs. Defendants contend that Plaintiffs' request is designed to delay a calculation of fees and costs so that Plaintiffs can refile their case under a claim of ignorance with respect to the sum that Plaintiffs are required to pay before opening a new case. Defendants also argue that a determination of fees and costs is appropriate now, rather than later, because Plaintiffs should have time to plan for how much they need to pay to re-file their claims rather than learning the amount for the first time at a later time. Moreover, Defendants suggest that Plaintiffs may not choose to hire the same law firm if they

---

[1]   If the Court denies Plaintiffs' motion, Plaintiffs request an enlargement of time to respond to Defendants' motion, on the merits, for a determination of attorneys' fees and costs.   [D.E. 63].

refile their claims and that it is important for any new attorney to know about the monetary exposure of this case before a decision is made to re-file.

Defendants' arguments are well taken. In situations where courts have voluntarily dismissed a plaintiff's claims and awarded fees and costs, courts have determined those amounts *before* a plaintiff re-files. *See, e.g., Paul v. Georgia S.*, 2010 WL 4639239, at *2 (M.D. Ga. Nov. 4, 2010) ("The Court believes an attorney's fees and costs *assessment is appropriate here*. In the event Plaintiffs ever refile any action against Defendant upon these or substantially similar facts in any court, Plaintiffs will be required to pay the costs and attorney's fees Defendant incurred in defending this action.") (emphasis added); *Tesma v. Maddox-Joines, Inc.*, 254 F.R.D. 699, 702 (S.D. Fla. 2008) ("By *noon* on *Tuesday, January 6, 2008,* Defendant shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3 of the United States District Court for the Southern District of Florida establishing the fees and costs incurred in the defense of this action") (emphasis in original); *Jones v. Smartvideo Techs., Inc.*, 2007 WL 1655855, at *4 (N.D. Ga. June 4, 2007) ("If Plaintiff wishes to refile, he should reimburse Defendants the costs and fees they incurred in preparing for Plaintiff's deposition. So that the amount to be paid as a condition of refiling may be known, Defendants shall file within five (5) days an affidavit describing the costs and fees incurred for this Court's approval.").

The reason why courts generally determine fees and costs before a plaintiff refiles is so that both parties, including their respective attorneys, are well aware of the prerequisites required before pursuing a new action. The same reasoning applies here. Plaintiffs should, at the very least, be aware of the fees and costs that they must pay to Defendants in the event they decide to file their claims again. Accordingly, Plaintiffs' motion to stay a determination of fees and costs until Plaintiffs re-file is **DENIED**.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion to stay a determination of Defendants' attorneys' fees and costs is **DENIED**. [D.E. 61]. Plaintiffs shall file their response to Defendants' motion for a determination of fees and costs [D.E. 60] within fourteen (14) days from the date of this Order.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of November, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2]   We recognize that Plaintiffs interpret the prior Order [D.E. 57] to mean that no *determination* of fees or costs would be necessary before they refiled their claims. However, the prior Order only stated that Plaintiffs would not have to *pay* costs and fees until they refiled their claims. The prior Order never indicated that a determination of fees and costs would be determined in a re-filed action.