UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20169-CIV-TORRES

[CONSENT CASE]

KATHERINE MITCHELL CRUZ ORTIZ, JOISELYN C ROBLETO, and all others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, MOHAMMED HOSSAIN,

Defendants.

**PLAINTIFFS' AND PLAINTIFFS' COUNSEL'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR DETERMINATION AND AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS [DE 60]**

COME NOW the Plaintiffs, by and through the undersigned, and Plaintiffs' Counsel, pursuant to the Federal Rules of Civil Procedure and hereby respond in Opposition to Defendants' Motion for Determination and Award of Reasonable Attorneys' Fees and Costs, filed by Defendants as [DE60], and in support thereof state as follows:

1. This is an action for unpaid wages brought under the Fair Labor Standards Act 29 U.S.C. 201-216.

2. As set forth in the Court's Omnibus Order on Plaintiffs' Motion to Dismiss Their Claims Without Prejudice [DE57], Plaintiffs request to dismiss their causes of action without prejudice was granted. Per said Order [DE57], "**if Plaintiffs re-file this action at a later date**, Plaintiffs shall pay all taxable costs and attorneys' fees that Defendants incurred in defending this action." [emphasis added]. **Plaintiffs have not re-filed this action to date.**

3. Defendants and their Counsel now seek entry of a Court Order for the imposition of attorneys' fees and costs in favor of Defendants so, as set forth by the Court, "Plaintiffs should, at the very least, be aware of the fees and costs that they must pay to Defendants in the event they decide to file their claims again."[1] *See*, [DE67].

4. On August 7, 2017, and on August 22, 2017, Plaintiffs KATHERINE MITCHELL CRUZ ORTIZ and JOISELYN C ROBLETO, respectively filed their Motions for Voluntary Dismissal [DE32 & 42]. Taking the totality of Defendants and their counsel's fee demand, Defense counsel has billed more in the matter since the filing for the latter Plaintiff ROBLETO's Motion [DE42] despite knowing that Plaintiffs had moved this Court for said relief. Such a disproportionate demand of fees shows an unnecessary churning of the file and is demonstrative of Defendants and their counsel unreasonably and vexatiously multiplying the proceedings, which the Court should not condone by awarding fees for same.

5. Additionally, after Plaintiff ROBLETO filed her Motion for Voluntary Dismissal [DE42], Plaintiff's Expedited motion for Protective order as to ROBLETO, and **after** Plaintiff's Counsel informed Defendants that Plaintiff ROBLETO would not be appearing for her Deposition, Defense Counsel spent an additional one and a half (1.5) hours in "preparation for deposition Robleto" [DE60-2]. Then Defense Counsel spent an additional unnecessary four and a half (4.5) hours drafting and filing a response, objecting to Plaintiffs' Motion for Protective Order(s), as well as over two (2) hours on a Motion to compel depositions [DE60-2], in spite of Plaintiffs' pending Motions to Voluntary Dismiss their respective claims. This is, yet, further evidence of Defendants and their counsel continuing to litigate unnecessarily and in bad-faith for the mere

[1] Plaintiffs moved this Court for an extremely brief extension of time, two (2) days, to file their Response in Opposition to Defendants' Motion [DE60]. *See*, [DE67]. Thus, the instant Response in Opposition should be deemed as timely by the Court.

purpose of driving up the cost of litigation so that they could in turn request a big fee and cost award from the Court. As no Scheduling Order had been entered and changing Plaintiffs' depositions to another date pending the outcome of Plaintiffs' Motions to Voluntary Dismiss their respective claims, there is no doubt that the requested award for fees and costs associated with Plaintiffs' depositions could have been easily avoided and is without merit. *See also*, *Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009).

6. As set forth *supra,* Plaintiffs object to the award of any costs as the AO 133 Form Bill of Costs was not attached to Defendants' Motion [DE60] nor provided to Plaintiff which is in direct violation of Local Rule 7.3(c); Defendants' failure to comply with Local Rule 7/3(c) should be a basis alone to deny Defendants' request for costs. Should the Court allow Defense Counsel to 'side step' Local Rule 7.3(c) despite Plaintiffs' objections, Plaintiffs object to the award of any costs incurred after the latter of two Plaintiffs' Motions for Voluntary Dismissal (i.e. after August 22, 2017) as there was no basis to incur said costs in light of same.

7. Plaintiffs and their Counsel oppose Defendants' Motion [DE60][2] and respectfully request that the requested award of fees and costs be significantly reduced as set forth in more detail below. Defendants' request for $21,851.20 in their Motion [DE60] for a case that was in its infancy and where neither Plaintiff had been deposed should be significantly reduced as their bad-faith conduct reflects nothing more than Defendants and their counsel artificially inflating their fees and costs in this case and continuing to drive up the litigation costs unnecessarily,

[2] Herein, Plaintiffs renew their objection that Defendants' Motion for Determination and Award of Reasonable Attorney's Fees and Costs, filed as [DE60], is premature, vexatious, and a waste of judicial resources. Defendants are seeking relief for a hypothetical situation that, to date, has not been actualized and this is resulting in the continued accretion of fees on both sides unnecessarily.

especially in light of the fact that Plaintiffs had moved the Court for a Voluntary Dismissal of their claims and Defendants were clearly on notice of same.

## FACTUAL BACKGROUND

Plaintiffs filed their complaint [DE1] on January 13, 2017. On March 3, 2017 Defendants filed their answer and Affirmative Defenses to Complaint [DE9]. Shortly thereafter, Plaintiffs' filed their claim [DE11] seeking the combined amount of $52,998.40 in unpaid overtime wages and liquidated damages. Upon the matter being transferred to the Honorable Magistrate Judge Edwin G. Torres, the Parties filed their Joint Scheduling Report [DE17], in compliance with the Court's Order [DE16]. Plaintiff's then filed a Motion to Disqualify Defense Counsel [DE18] and a Motion to Stay the Case [DE23], Defense counsel responded in opposition to each of Plaintiffs' respective motions. *See*, [DE19] and [DE23]. On August 7, 2017, Plaintiff ORTIZ filed her Motion for Voluntary Dismissal [DE34], Defendant responded in opposition to same [DE35]. On August 22, 2017, Plaintiff ROBLETO filed her Motion to Voluntarily Dismiss her claims [DE42], and, again, Defendants responded in opposition [DE45]. The date of Plaintiffs' depositions were set to occur after Plaintiffs' Motions for Voluntary Dismissal were filed and, as such, Defendants were on notice that Plaintiffs had moved to voluntarily dismiss their claims yet chose to move forward despite same. Prior to each scheduled deposition, Defense Counsel was notified that Plaintiff would not be attending, to not accrue unnecessary fees and costs, that either a motion for protective and Voluntary dismissal was or will be filed. *See*, Exhibit "A." Defendants refused to set the date of Plaintiffs' depositions to another date pending the outcome of Plaintiffs' Motions to Voluntary Dismiss; **there was no Scheduling Order that Defendants needed to be concerned about with regards to possibly being prejudiced or running out of sufficient time to re-set Plaintiffs' depositions and/or to**

**conduct follow-up depositions. Defendants chose to proceed with Plaintiffs' depositions despite being put on notice that Plaintiffs would not be attending same, that Plaintiffs had moved to voluntarily dismiss their claims, and when there was no Scheduling Order in place and moving same would not impact any deadlines.** *See also, Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009). Defendants knew that Plaintiffs would not appear and accumulated unnecessary fees and costs related to same and would have suffered no prejudice as no Scheduling Order had been entered at the time of same.

**MEMORANDUM OF LAW**

**I. Defendants Request For Attorneys' Fees Is Unwarranted And Excessive.**

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984). In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron*, 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> It generally is recognized that the federal courts should exercise care and restraintwhen awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

*Wright, Miller & Kane, Federal Practice and Procedure*: Civil 3d § 2675.1.

The fees sought herein, through 9/27/17, regarding Defendants services rendered amount to **$ 20,776.50**. *See* [DE 60-2]. The undersigned has reviewed all of the attorneys' fee data referenced herein in good faith and Plaintiffs and their counsel object to Defendants excessive and unnecessary accretion of fees and costs.

## II. Defendants Are Not Entitled To A Full Measure Of Fees For Time Spent Unreasonably And Vexatiously Multiplying The Proceedings.

### a. 26.7 hours for frivolous work conducted after both Plaintiffs filed for Voluntary Dismissals was in bad faith.

Plaintiffs timely moved this Court for a stay of the action [DE22] which Defendants filed a motion objecting to [DE23], Plaintiffs timely moved this Court for Protective Orders as to Plaintiffs' depositions [DE41 & 43] which Defendants objected to and then moved to compel and for sanctions [DE44], and, as soon as practicable, Plaintiffs filed their Motions to Voluntarily Dismiss Without Prejudice[3] [DE34 & 42], which Defendants also objected to [DE35 & 45]. At that time, no Scheduling Order had been entered by the Court, yet, Defendants

[3] In said Motions [DE34 & 42], Plaintiffs respectfully requested that should the Court determine the Plaintiffs can only dismiss their claims "with" prejudice in the case at bar, Plaintiffs would agree to same. However, Plaintiffs would agree to a dismissal "with" prejudice only if the Court finds such is necessary in the case at bar.

demanded that Plaintiffs appear for their depositions on a date agreed to prior to Plaintiffs receiving the subject advice from their criminal defenses attorneys and were unbending despite Plaintiffs' pleas for Defendants to hold off from pushing forward with the civil action in light of the pending Motions that could have minimized the accretion of fees and costs on both sides. *See also, Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009). There is no doubt that the dispute between the Parties in connection with the scheduling of Plaintiffs' depositions and Defendants could have been avoided and the Parties could have reached a reasonable compromise by rescheduling the depositions and agreeing to hold off on compelling discovery pending the Court's Rulings on various pending dispositive Motions. Defendants had no legitimate reason to continue to accrue fees and costs in this action other than to churn the file and then, in turn, to demand that Plaintiffs' be responsible for paying said fees and costs. Plaintiffs were seeking a dispositive ruling which resulted in the litigation being over for Defendants -- yet Defendants insisted on pushing the case forward and opposing Plaintiffs at each and every turn, which is perplexing to say the least. Defendants continued to accumulate unnecessary fees and costs after notice of Plaintiffs filing of voluntary dismissal of the instant action. Since the filing of the latter of the two Motions for Voluntary Dismissal by the Plaintiffs on August 22, 2017, Defense Counsel has racked up an unwarranted and superfluous 27.6 hours for "professional services rendered" [DE60-2].

While the FLSA's fee award provision is mandatory, as opposed to the discretionary fee provision under 42 U.S.C. § 1988, review of case law addressing "shake down" fee demands under § 1988 would assist the Court because they address bad faith as a "special circumstance" to deny a fee award. Case law on comparable fee demands under 42 U.S.C. § 1988 has held that if "the Court were required to award a reasonable fee when an outrageously unreasonable one

has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence … would be reduction of their fee to what they should have asked for in the first place." *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991) (reversing fee award to a prevailing plaintiff under 42 U.S.C. § 1988); *Fair Hous. Council v. Landow*, 999 F.2d 92, 96-97 (4th Cir. 1993) (reversing fee award to a prevailing plaintiff under 42 U.S.C. § 1988: "we think the FHC's argument would encourage fee requests which are nothing more than 'an opening [bid] in negotiations to reach an ultimate result.' District Courts are not open to such gaming on the part of litigants"). "[A]n award of attorney's fees is compensatory, not punitive, and we will not allow a threat of paying the opposing party's unreasonable legal fees to chill the assertion of a defense of a claim. … [F]ee awards should not serve as a vehicle to charge exorbitant fees." Peter v. Jax, 187 F.3d 829, 838 (8th Cir. 1999).

**b. 7.8 hours to draft a response to motion for sanctions is excessive.[4]**

Counsel must use "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition. *See, Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "irrespective of the skill, reputation or experience of counsel." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). The fee applicant bears the initial burden of submitting evidence sufficient to allow the court to confirm that the requested fees are not excessive, "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350(11$^{th}$Cir.2008) (citing *Loranger*, 10 F.3d at 783).

[4] Defense Counsel's Fee Entry combined hours for dates 8/27/17 and 8/29/17 [DE60-2].

Defense counsel has "practiced in the area of Labor and Employment law for 37 years"[5], yet she is claiming 7.8 hours for a response motion that is virtually a replication of a response she previously filed in another case. *See, Reyes v. Collins & 74th Street*, Inc. et al Case No. 1:16-cv-24362-JAL [DE92]. Defense counsel is billing 7.8 hours for a copy and paste job, with minor editing (i.e. change the case style, etc.) is not only excessive but is outright in bad-faith.

Ms. Langbein's grossly exaggerated billing requires an across-the board reduction to its lodestar. An FLSA party "must always attempt to litigate a matter in the most efficient means possible." *Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1336 (S.D. Fla. 2008). "Attorney's fees arising from hours that are excessive ... should be excluded from an award of attorney's fees." *Machado,* 2010 U.S. Dist. LEXIS 84047, at *4-5. Ms. Langbein specializes in FLSA cases and has 37 years of experience litigating Labor and Employment claims. If any attorney can litigate an FLSA case efficiently, Ms. Langbein can. Despite her obligation to exercise billing judgment, Ms. Langbein has billed unreasonably excessive fees. The above is a representative sample to aid the Court's determination.

**c. Ms. Langbein's fees should be reduced for block-billing, redacted, and vague billing.**

"[T]he fee applicant … must supply the court with 'specific and detailed evidence' in an organized fashion. … Where the documentation is inadequate, the court may reduce the award accordingly." *Reppert v. Mint Leaf, Inc*., 2013 U.S. Dist. LEXIS 17105, at *5 (S.D. Fla. Jan. 31, 2013); Hensley, 461 U.S. at 437 (party must "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"). Block-billed, redacted, and vague time entry descriptions support an across-the-board fee reduction. *Machado,* 2010 U.S. Dist. LEXIS 84047, at *9-12 (reducing two groups of block-billed entries by 50% and 75% respectively);

[5] *See*, [DE60-1, P.2, ¶b].

**III. Defense Counsel Has Not Provided Any Documentation Demonstrating How Much Of Defendant's Bill, For The Case At Bar, Was Actually Paid.**

The Court must next determine the reasonableness of the hours expended by Plaintiff's counsel. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman,* 836 F.2d at 1303. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* at 1301. Thus, fee applicants are required to use "billing judgment." *Id.* In ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* The lodestar approach has "achieved dominance in the federal courts." *Gisbrecht v. Barnhart,* 535 U.S. 789, 801, 122 S.Ct. 1817, 152 L.Ed.2d 996. Although imperfect, it has several important virtues: It produces an award that approximates the fee the prevailing attorney would have received for representing a paying client who was billed by the hour in a comparable case; and it is readily administrable, see, e.g., *Burlington v. Dague,* 505 U.S. 557, 566, 112 S.Ct. 2638, 120 L.Ed.2d 449, and "objective," *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40, thereby cabining trial judges' discretion, permitting meaningful judicial review, and producing reasonably predictable results. Pp. 1671 – 1673. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 542, 130 S. Ct. 1662, 1667, 176 L. Ed. 2d 494 (2010).

To determine an appropriate amount of attorney fees, it is necessary to determine how much Defendants are actually paying their attorney. It is common practice for Attorney's to "discount" or not charge for all hours billed to their long-standing clients. Defense Counsel has testified under oath that she practices the above mentioned fee "discounting", specifically with regard to Defendants NH. Inc., and Mr. Hossain;

> Q: When you meet -- when you have met with Mr. Hossain, since 2003 to 2004, do you generate an invoice for every single meeting?
>
> A: I do not. And Mr. Hossain is a very long-time client of mine, and with my long-term clients, I tend to give them what I would call professional courtesy. I don't bill them for every e-mail. I don't bill them for every telephone call. I don't bill them for every

Depo. Trans. of Leslie Langbein, P.38[6]. *See*, Exhibit "B." Defense Counsel should not be awarded fees and/or costs that her client does not actually pay her. Providing such documentation should not be in issue as Leslie Langbein, Esq., testified that Mr. Hossain pays her as soon as she tenders an invoice to him:

> Q How often does Mr. Hossain have to pay for
> your services?
>
> MR. KISZKIEL: Objection.
>
> THE WITNESS: Whenever I render an invoice to him.

*Id.* at P.44.

## IV. Objection To Taxation Of Costs In General Based On Failure To Comply With L.R. 7.3(C).

### a. Legal Standard

> "A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

[6] Leslie Langbein, Esq., filed her deposition transcript on the docket in the matter of *Reyes v. Collins & 74th, Inc., et al.,* Case No. 16-24362-CIV-JAL [DE72-1].

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> 28 U.S.C. § 1920.
>
> "[A] court may only tax costs as authorized by statute." *U.S. EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir.2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987))."

*Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315 (S.D. Fla. 2009). The Court enjoys broad discretion over whether costs are awarded, and what costs are awarded.

> "The Court enjoys considerable discretion to deny an award of costs available under section 1920, and broad discretion to award or deny costs under section 1919. *SeeHolton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005) (district court enjoys considerable but not unfettered discretion, but must state a reason for its denial of costs); *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) ("In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs."); *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("We will not reverse the district court's taxation of [ ] costs absent an abuse of discretion.")."

*Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 11197803, at *3 (S.D. Fla. Sept. 3, 2015).

**b. Objection to Taxation of Costs in General Based on Failure to Comply with L.R.7.3(c).**

Plaintiffs object to the award of any costs as the AO 133 Form Bill of Costs was not attached to Defendants' Motion [DE60] nor provided to Plaintiff which is in direct violation of Local Rule 7.3(c); Defendants' failure to comply with Local Rule 7/3(c) should be a basis alone to deny Defendants' request for costs. Should the Court allow Defense Counsel to 'side step' Local Rule 7.3(c) despite Plaintiffs' objections, Plaintiffs object to the award of any costs incurred after the latter of two Plaintiffs' Motions for Voluntary Dismissal (i.e. after August 22, 2017) as there was no basis to incur said costs in light of same. Plaintiff relies on the holdings in the following

cases in support of said objection: *Allen-Johnson v. Miami-Dade Cty.*, No. 10-23627-CIV, 2012 WL 160070, at *2 (S.D. Fla. Jan. 18, 2012); *Sriskada v. Harbor Pita, Inc.*, No. 14-20526-CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014); *N. Pointe Cas. Ins. Co. v. Block*, No. 12-20964-CIV, 2013 WL 12116141, at *2 (S.D. Fla. Feb. 28, 2013), *report and recommendation adopted*, No. 12-20964-CIV, 2013 WL 12116142 (S.D. Fla. Apr. 10, 2013); *Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) (dismissing cross-appeal because cross appeal violated L.R. 7.3); &*Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (holding L.R. 7.3 is an order of the Court that must be followed).

**c. Objections to Taxation of Specific Costs**

As to Defendants deposition transcript, it is circumspect that Defendants incurred what is likely an "accelerated" cost in relation to same. Defendants "bill" [DE60-2, P.5] reflects July 19, 2017. Plaintiffs filed their Motion for Sanctions [DE36] on August 15, 2017, **an entire month after Defense counsel had ordered/received Defendants' transcript.** Defendants did not file a Response in Opposition [DE46] until August 29, 2017. Plaintiffs object to what is likely an "accelerated" cost[7] as Defendants chose to accelerate the delivery of Defendants' deposition transcript and have it delivered via currier, despite the fact that there was no Scheduling Order entered by the Court at that time. Plaintiff, additionally, objects to all other "Court Report" costs and "translator" costs associated with Plaintiffs depositions. Defendants were given advanced notice that Plaintiffs would not be attending their depositions. *See also, Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009). Further, Defendants were on notice at the time of Plaintiffs' depositions that Plaintiffs had each filed a Motion for Protective Order and Motion for Voluntary Dismissal. Any costs associated with said depositions were incurred as a

[7]Defendants have not filed a bill of costs, nor have Defendants explained why the transcript of one Defendant cost $746.20 [DE60-2].

result of Defendants own doing and, there is no doubt, could have been easily avoided; no Scheduling Order was entered and there would have been no prejudice to either Party to hold off from pushing forward with Plaintiffs' deposition pending the outcome of the Court's ruling on Plaintiffs' Motions for Voluntary Dismissal.

## V. **Defendants Are Not Entitled To A Full Measure Of Fees And Costs Which Act As Sanctions And Inherently Deter Plaintiffs From Re-filing Their Case.**

A sanction imposed for a violation of Rule 11 must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2). Although the sanctions most commonly imposed are costs and attorney's fees, the selection of the type of sanction to be imposed lies with the district court's sound exercise of discretion. *See, Donaldson v. Clark,* 819 F.2d 1551, 1557 (11th Cir.1987). When imposing sanctions, the district court must describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction imposed. *See,* Fed.R.Civ.P. 11(c)(3)." *Riccard v. Prudential Ins. Co*., 307 F.3d 1277, 1295 (11th Cir. 2002). Consequently, in light of *Riccard supra*, the Court should focus on what it believes will deter future conduct it considers sanctionable, as opposed to ensuring Defendants are paid every dollar of reasonably compensable attorney time. To further illustrate, in *Randall Champions, infra,* the district court stated that "a party in whose favor Rule 11 sanctions is awarded is **not automatically entitled thereby to the full measure of reasonable fees and costs incurred**. To the contrary, Rule 11 sanctions must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include ... an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Rule 11(c)(4), Fed.R.Civ.P.; *see also Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1295–96 (11th Cir.2002) (affirming monetary sanction that represented **"only about**

**one-third of the amount of attorney's fees"** incurred by movant because of non-movant's violative conduct)."[8] *Johnson v. Randall Champions*, CIV.A. 12-0334-WS-M, 2014 WL 2204296, at *1 (S.D. Ala. May 28, 2014)(emphasis added). The "primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, **not to compensate the opposing party for all of its costs in defending**." *Kirk Capital Corp. v. Bailey,* 16 F.3d 1485, 1490 (8th Cir.1994)." *Cargile v. Viacom Intern., Inc.*, 282 F. Supp. 2d 1316, 1320 (N.D. Fla. 2003).

## VI. Specific Challenges to Billing Entries and Billing Rate.

In addition to a major reduction based on deterrence as discussed above, the Court should also reduce the amount of fees sought in light of the following challenges set forth in the below chart. The following chart objects to those defense counsel entries filed as [DE 60-2].

| Date | Time Entry | Objection. | Suggested reasonable amount |
|---|---|---|---|
| 6/6/2017 | 3.70 | Excessive billing for single Defendants response to Discovery | 2.5 |
| 6/7/2017 | .4 | Excessive billing for one (1) page list of disclosures | .1 |
| 6/13/17 | 4.30 | Excessive billing for a response that Defense Counsel claims "The exact same issues previously were raised and fully briefed" [DE19] | 1.0 |
| 7/09/2017 & 7/10/2017 | 3.60 | Excessive billing for a veteran attorney's response to motion to stay | .75 |

[8] Plaintiffs and their Counsel respectfully request that the Court award no more than 1/3 the amount that is determined to be a reasonable fee.

| 7/12/2017 | 1.00 | Unclear and undefined billing time | 0.00 |
|---|---|---|---|
| 7/25/2017 | .3 | Motion was not filed till 7/28/17 therefore impossible to review prior, further Excessive billing to review a two page **Unopposed** motion. | .05 |
| 8/21/2017<br><br>&<br><br>8/23/2017 | 3.80 | Excessive & Unnecessary, Defense Counsel was on notice Plaintiff would not appear at Deposition | 0.00 |
| 8/23/2017 | 4.20 | Excessive billing for veteran attorney's response to Motion for Protective | 1.20 |
| 8/24/2017<br><br>&<br><br>8/29/2017 | 7.8 | Excessive billing for veteran attorney's response to Motion for Discovery Misconduct | 2.5 |
| 9/19/2107 | 2.10 | Bad faith billing as Response was moot due to Plaintiffs Motions Voluntary dismissal | 0.00 |
| 9/22/2017 | 2.10 | Bad faith billing as Response was moot due to Plaintiffs Motions Voluntary dismissal | 0.00 |

As set forth in Plaintiffs' Chart (which sets forth objections as to Defendants' billing entries), as well as clearly noted throughout this Response in Opposition, Defense Counsel has utilized excessive and unnecessary billing, and the fees sought should be reduced to no more than **<u>31 compensable hours</u>**. Also **<u>$0 should be awarded for costs</u>**, as the costs set forth above are not recoverable as the AO 133 Form Bill of Costs was not attached to Defendants' Motion

[DE60] nor provided to Plaintiff which is in direct violation of Local Rule 7.3(c); Defendants' failure to comply with Local Rule 7/3(c) should be a basis alone to deny Defendants' request for costs. Should the Court allow Defense Counsel to 'side step' Local Rule 7.3(c) despite Plaintiffs' objections, Plaintiffs object to the award of any costs incurred after the latter of two Plaintiffs' Motions for Voluntary Dismissal (i.e. after August 22, 2017) as there was no basis to incur said costs in light of same. Plaintiff relies on the holdings in the following cases in support of said objection: *Allen-Johnson v. Miami-Dade Cty.*, No. 10-23627-CIV, 2012 WL 160070, at *2 (S.D. Fla. Jan. 18, 2012); *Sriskada v. Harbor Pita, Inc.*, No. 14-20526-CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014); *N. Pointe Cas. Ins. Co. v. Block*, No. 12-20964-CIV, 2013 WL 12116141, at *2 (S.D. Fla. Feb. 28, 2013), *report and recommendation adopted,* No. 12-20964-CIV, 2013 WL 12116142 (S.D. Fla. Apr. 10, 2013); *Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) (dismissing cross-appeal because cross appeal violated L.R. 7.3); &*Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (holding L.R. 7.3 is an order of the Court that must be followed).

Consequently, the reasonable amount awarded should be no more than $10,075.00; and thereafter such amount should be reduced by 2/3, **<u>for a total of $3,022.50</u>**. *See. Riccard, supra,* 307 F.3d 1277, 1295–96 (11th Cir.2002) (affirming monetary sanction that represented **"only about one-third of the amount of attorney's fees"** incurred by movant because of non-movant's violative conduct).

In addition, Defendants have multiplied the proceedings by unnecessarily filing motions and responses that were unwarranted and unnecessary in light of Plaintiffs' filing their respective Motions to Voluntarily dismiss their claims. Also, as indicated by the Chart, various entries are vague and ambiguous and, as such, Plaintiffs are unable to address same sufficiently.

Plaintiffs also request the Court take Judicial Notice of that fact that the Seventh Circuit in *Daley* stated that "[i]f one hour of research would have been sufficient to satisfy a reasonable plaintiff that filing suit was pointless, we question why defendants expended so much time in disposing of this case." *Hamilton v. Daley*, 777 F.2d 1207, 1214 (7th Cir. 1985). In the case at bar, if Plaintiffs' claim was frivolous and sanctionable (and therefore clearly brought in bad faith), then the Court should query why the Defendants are seeking such excessive fees in the amount of $20,776.50. In other words, Defendants should not have needed to perform the number of hours of legal work alleged, as they should have been able to demonstrate the allegedly obvious frivolity in a simplistic manner. In *Webb*, the court cited *Hamilton* as follows: "*Hamiltonv. Daley*, 777 F.2d 1207, 1215 n. 7 (7th Cir.1985) (stating that "the more time and effort a defendant spends in defending a Section 1983 case, the less likely it is that the case was frivolous and that a fee award is appropriate")." *Webb v. Bd. of Trustees of Ball State Univ*., IP 97-1268-T/G, 2001 WL 548314, at *14 (S.D. Ind. Mar. 20, 2001). In further discussing *Hamilton*, the *Webb* Court noted that "[t]he court, however, questioned why defendants spent so much time on the case where the case was frivolous from the filing of the complaint…." *Id*.; *See also, E.E.O.C. v. Sears, Roebuck & Co*., 79 C 4373, 1987 WL 11642, at *13 (N.D. Ill. May 21, 1987)("defendants need not incur substantial costs in a 'preposterous' case"); *Domiano v. Vill. of River Grove*, 88 C 3256, 1989 WL 152965, at *1 (N.D. Ill. Nov. 20, 1989)("[i]f the litigation proceeded in the face of unambiguous precedent, as defendants would have it, it would seem that they should have required less time for defense, especially in research."). As set forth in detail herein, the fees sought by Defendants and their Counsel should be significantly reduced by 2/3, **for a total of $3,022.50**. *See discussion of Riccard, supra,* 307 F.3d 1277, 1295–96 (11th Cir.2002).

WHEREFORE PLAINTIFFS AND THEIR COUNSEL OPPOSE DEFENDANTS' MOTION [DE60][9] AND RESPECTFULLY REQUEST THAT THE REQUESTED AWARD OF FEES BE SIGNIFICANTLY REDUCED TO A TOTAL OF NO MORE THAN $3,022.50 AND DEFENDANTS' REQUEST FOR COSTS SHOULD BE DENIED IN ITS ENTIRETY. IN THE ALTERNATIVE, SHOULD THE COURT AWARD DEFENDANTS' COSTS AND ALLOW DEFENSE COUNSEL TO 'SIDE STEP' LOCAL RULE 7.3(C) DESPITE PLAINTIFFS' OBJECTIONS, PLAINTIFFS OBJECT TO THE AWARD OF ANY COSTS INCURRED AFTER THE LATTER OF TWO PLAINTIFFS' MOTIONS FOR VOLUNTARY DISMISSAL (I.E. AFTER AUGUST 22, 2017) AS THERE WAS NO BASIS TO INCUR SAID COSTS IN LIGHT OF SAME.

**Respectfully submitted,**

**NEIL TOBAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NTOBAK.ZIDELLPA@GMAIL.COM**

**BY:____/s/ NEIL TOBAK_____________________**
**NEIL TOBAK, ESQ.**

**CERTIFICATE OF SERVICE:**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 11/28/17 TO:**

[9] Herein, Plaintiffs renew their objection that Defendants' Motion for Determination and Award of Reasonable Attorney's Fees and Costs, filed as [DE60], is premature, vexatious, and a waste of judicial resources. Defendants are seeking relief for a hypothetical situation that, to date, has not been actualized and this is resulting in the continued accretion of fees on both sides unnecessarily.

**Leslie W. Langbein, Esq.**
**Langbein& Langbein**
**8181 NW 154 Street, Suite 105**
**Miami Lakes, FL 33016**
**Ph: 305-556-3663**
**Fax: 556-3647**
**Email: langbeinpa@bellsouth.net**

**BY:______/s/NEIL TOBAK ______________**
**NEIL TOBAK, ESQ.**