UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 17-20169-cv-TORRES

KATHERINE MITCHELL CRUZ ORTIZ and
JOISELYN ROBLETO,

    Plaintiff,

v.                                                                             CONSENT

N.H, INC. and
MOHAMMED S. HOSSAIN,

    Defendants.
_____/

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF COSTS

    Defendants, NH, INC. and MOHAMMED S. HOSSAIN, through undersigned counsel, serve this reply in support of their Motion for Reconsideration ("the Motion") which is limited only to the arguments made by Plaintiffs in their response.

    Plaintiffs argue that Defendants have not established a basis for reconsideration and cite Lewis v. Michaels Stores, Inc., 2007 U.S. Dist. LEXIS 82700 (M.D. Fla. 2007) as authority. In Lewis, the court reviewed a motion for reconsideration made pursuant to Rule 59(e) and applied the criteria established by the Eleventh Circuit for application of *that rule.* [1] Defendants' Motion, on the other hand, is made pursuant to Rule 60(b) which

---

[1] Plaintiffs' response argues Rule 59(e) but later cites Rule 60(a), under neither of which Defendants sought relief.   Rule 60(a) applies when the Court, sua sponte, raises error.   Rule 60(b) allows a party to seek relief from a mistake.

Page **1** of **3**

sets different criteria for reconsideration. Defendants' Motion adequately pled they sought reconsideration based on a mistaken application of Local Rule 7.3, given that the Court's order permitting Plaintiffs' voluntary dismissal without prejudice was a *non-appealable* order and 28 U.S.C. §1928 only permits a party to file a Bill of Costs when there is *a final judgment or appealable order*.

Plaintiffs also argue that the authority cited in the Motion was available to Defendants at the time they filed their Motion to Determine Attorney's Fees and Costs. Respectfully, Defendants did not anticipate that the Court would apply Local Rule 7.3 as if its Order of Dismissal was a final judgment or other appealable order requiring the filing of Form AO133.  Local Rule 7.3(a) prohibits the filing of a Form AO133 because the Court's order from which the right to costs arose was a non-appealable order.

Plaintiffs' last argument -- that Defendants' position is circular -- is ill-taken.    Local Rule 7.3 contemplates two entirely different bases for seeking costs:  1) from a final judgment or appealable order (in which case a party must file a Bill of Costs); and 2) from a non-final order (in which case they may not file a Bill of Costs.)   Plaintiffs' response wholly ignores the last paragraph in Local Rule 7.3(a) which reads:

> " A party shall seeks costs ***that are taxable under 28 U.S.C. §1928*** by filing a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below.  The costs and expenses sought ***in a motion under this paragraph*** shall not include any cost sought in a bill of costs."

Thus, either way, a party must comply with Local Rule 7.3 and follow its time line and processes.

Plaintiffs' response ***does not argue*** that they never had advance notice of the costs Defendants intended to seek.   Likewise, Plaintiffs do not argue that Defendants

never attempted to confer with them before filing their Motion for Determination of Attorney's Fees and Costs. Defendants followed Local Rule 7.3 as it was *written* and properly sought costs through a motion because they could not use AO 133 according to 28 U.S.C.§ 1928 which is reserved for final judgments or appealable orders.

WHEREFORE, Defendants respectfully request that the Court grant their Motion for Reconsideration which was properly and timely filed under Rule 60(b).

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
(Tel) (305) 556-3663
(Fax) (305) 556-3647
Email: langbeinpa@bellsouth.net

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 12/28/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list.

By: /s/ Leslie W. Langbein,
    Leslie W. Langbein, Esq.
    Fla. Bar No. 305391

## SERVICE LIST

J.H. ZIDELL, P.A.
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com