# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-20169-TORRES

KATHERINE MITCHELL CRUZ ORTIZ,
JOISELYN C. ROBLETO, and all others
similarly situated under 29 U.S.C. 216(b),

      Plaintiffs,

v.

N.H. INC. a/k/a MERIDIAN FOOD
MARKET, MONEY GRAM,
MOHAMMED HOSSAIN,

      Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

This matter is before the Court on N.H. Inc.'s ("N.H. Inc.") a/k/a Meridian Food Market, Money Gram, and Mohammed Hossain's ("Defendants") motion for reconsideration against Katherine Mitchell Cruz Ortiz and Joiselyn C. Robleto ("Plaintiffs"). [D.E. 72]. Plaintiffs responded on December 26, 2017 [D.E. 73] to which Defendants replied on December 28, 2017. [D.E. 74]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion is **GRANTED**.

## I.  BACKGROUND

Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA") for unpaid overtime wages during their employment as cash checking clerks. Plaintiff Ortiz sought unpaid wages from February 20, 2012 through January 9, 2017 and Plaintiff Robleto sought unpaid wages from June 1, 2012 through January 9, 2017.  [D.E. 1].  Plaintiffs resigned their employment positions on January 9, 2017 and filed this action against Defendants on January 13, 2017.  Plaintiffs alleged in their statement of claims that they worked sixty-five hours per week and that all of the time spent working over forty hours during any particular week was uncompensated.

On September 27, 2017, the Court permitted Plaintiffs to dismiss their claims against Defendants without prejudice.  [D.E. 58].  In doing so, the Court held that if Plaintiffs decided to re-file this action at a later date, Plaintiffs would pay all taxable costs and attorneys' fees that Defendants incurred in defending this action. Plaintiffs were also ordered to preserve all documents that Defendants previously requested in discovery, including cell phone records and tax returns for the relevant time period that Plaintiffs alleged they were owed unpaid wages.  If Plaintiffs failed to preserve the documents requested, their claims would be limited to the time period that Plaintiffs could sue for unpaid wages in any subsequent action.

## II.  APPLICABLE PRINCIPLES AND LAW

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3)

the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal quotation marks omitted)); *see also Smith v. Ocwen Financial*, 488 Fed.Appx. 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.")).  Newly raised arguments that should have been raised in the first instance are not appropriate on a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

A motion for reconsideration should also not be used as a vehicle to reiterate arguments previously made because "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (internal formatting omitted)).  If a motion merely submits previously rejected arguments, those motions are generally denied. *See Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")).  "[However], [a] motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision

3

outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine*, 808 F. Supp. at 1563 (internal formatting and citation omitted).

Generally speaking, motions for reconsideration are considered an "extraordinary remedy" and subject to a district court's substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002) (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

### III.   ANALYSIS

On December 5, 2017, we granted in part and denied in part Defendants' motion for an award of attorney's fees and costs.  [D.E. 71].  Specifically, we held that if Plaintiffs re-file their claims against Defendants in a subsequent action, Plaintiffs shall pay Defendants $16,867.50 (51.9 hours at a $325 hourly rate) in attorneys' fees *before* that action may proceed.  As for Defendants' request for costs in the amount of $1,074.70 [D.E. 60-2], we denied Defendants' motion because it failed to comply with Local Rule 7.3(c).

Defendants argue that the denial of their costs on procedural grounds was a mistake because Local Rule 7.3 contemplates two alternative bases for seeking

costs: (1) one arising from an order that would otherwise be non-appealable; and (2) the other arising from a final judgment or appealable order. Defendants suggest that the Court's Order allowing Plaintiffs to voluntarily dismiss their claims under Rule 41 was neither a final judgment nor an appealable order. *See Versa Prod., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) ("A dismissal without prejudice, which is not appealable, is distinguished from a dismissal with prejudice, which is appealable."). Therefore, Defendants argue that they complied with the plain language of Local Rule 7.3 and that their motion for costs should have been considered on the merits because the requirement to file a bill of costs applies only to final judgments or other appealable orders.

Defendants' argument is well taken. Local Rule 7.3(c) requires parties to file a bill of costs concerning non-taxable expenses and costs arising from entry of a *final judgment* or another *appealable* order:

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served *within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920.* Prior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought. An application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920. Expenses and costs that the party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a) above. The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages. The prospects or pendency of supplemental review or appellate proceedings shall not toll or otherwise extend the time for filing a bill of costs with the Court.

S.D. Fla. L.R. 7.3(c).

Given the plain language of the Local Rule, Defendants were not obligated to file a bill of costs because the Order granting a voluntarily dismissal was not a final judgment or appealable Order.  *See Versa Prod., Inc.*, 387 F.3d at 1327 ("Ordinarily a plaintiff cannot appeal an order granting a voluntary dismissal without prejudice under Rule 41(a)(2).  A voluntary dismissal without prejudice 'does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned.'") (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)).  Because the procedural denial of Defendants' motion for costs was an oversight, we turn to the merits of whether Defendants are entitled to additional costs that were not considered in the Court's prior Order.  [D.E. 71].

In Defendants' motion for costs, Defendants explain that they incurred $1,074.70 in various expenses.  These expenses relate to deposition costs, including costs related to (1) a court reporter, (2) a deposition transcript, and (3) a translator's appearance fee.  Plaintiffs' main argument in opposition is that the deposition costs were unnecessary because Plaintiffs notified Defendants in advance that they would not be in attendance at the deposition (despite a Court Order granting Defendants' motion to compel).  As such, Plaintiffs conclude that Defendants' motion lacks any merit and that it should be denied in its entirety.

Yet, Defendants' position is more persuasive.  Defendants only incurred costs preparing for Plaintiffs' depositions because there was no Court Order excusing either party from responding to written discovery or appearing at Plaintiffs'

depositions.  While Plaintiffs' motion to voluntarily dismiss their claims was still pending at the time of their depositions, Defendants only incurred costs because they attempted to comply with the Court's Orders.  Accordingly, Plaintiffs have presented no convincing reason to deny Defendants' request for $1,074.70 in costs and therefore Defendants' motion for reconsideration is **GRANTED**.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion for reconsideration [D.E. 72] is **GRANTED**.  The Court's Order granting in part and denying in part Defendants' motion for a determination of fees and costs [D.E. 60] is amended to incorporate Defendants' motion for costs.  If Plaintiffs re-file their claims against Defendants, Plaintiffs shall pay Defendants $16,867.50 (51.9 hours at a $325 hourly rate) in attorneys' fees – and $1,074.70 in costs – *before* a subsequent action may proceed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge